CITY OF ASHLAND, Appellant, vs. MACIEJEWSKI, Respondent.

*October 28—November 12, 1909.*

*Statutes: Construction: Changing words.*

1. Where the words of a statute are plain in meaning and lead to no absurd result there is neither room for construction nor justification for the elimination or change of words.
2. Thus, in a city charter providing that "no city officer shall be accepted as surety upon any bond, contract or other obligation made *by* the city," the courts cannot substitute the word "to" in place of the word "by," the provision as enacted not being absurd.
[3. Whether the words "bond, contract or other obligation" could be construed as applying to a recognizance given on appeal from a municipal court, not determined.]

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *W. S. Cate,* attorney, and *F. J. Colignon,* of counsel, and for the respondent on that of *A. P. Haagenson,* attorney, and *Sanborn, Lamoreux & Pray,* of counsel.

WINSLOW, C. J. The respondent was convicted of the violation of a municipal ordinance in the municipal court for Ashland county and appealed to the circuit court, the recognizance upon the appeal being signed by one Erickson (a city officer) as surety. The judgment of conviction was, after trial, reversed in the circuit court, and the city appeals to this court. The only contention made by the city is that the recognizance was void, and hence that the circuit court acquired no jurisdiction of the case.

Sec. 5 of subch. XXI of appellant's charter (ch. 27, Laws of 1889) contains this provision: "No city officer shall be accepted as surety on any bond, contract or other obligation made by the city." It is contended that the insertion of the

word "by" in this sentence is a palpable error, and that the court should in effect insert the word "to" in its place, and apply the provision as so amended to the recognizance. This we cannot do. When the words of a legislative act are plain in meaning and lead to no absurd result, there is neither room for construction nor justification for the elimination or change of words. Courts cannot legislate. Their business is only to enforce a plain statute as it reads, providing it be not unconstitutional or absurd upon its face. *Gilbert v. Dutruit,* 91 Wis. 661, 65 N. W. 511; *Rossmiller v. State,* 114 Wis. 169, 89 N. W. 839. The provision that a city officer shall not become a surety on any bond, contract, or obligation given by the city is not absurd, even though its necessity or wisdom may be open to doubt.

It may be a grave question whether the words "bond, contract or other obligation" can properly be construed to apply to a recognizance such as the present, but our conclusion on the first proposition renders it unnecessary to consider this question.

*By the Court.*—Judgment affirmed.