STATE EX REL. MANITOWOC GAS COMPANY, Respondent, **vs.** WISCONSIN TAX COMMISSION and others, Appellants.

*April 13—June 1, 1915.*

*Taxation: Constitutional law: Incomes and property distinct: Limitations on taxing power: Incomes of nonresidents: Situs: "Derived from sources within the state:" Interest on corporate bonds: Action to question validity of tax: Parties: When partial invalidity avoids whole tax.*

1. Under sec. 1, art. VIII, Const., as amended, the taxation of property and the taxation of incomes are to be considered as two separate and distinct things.
2. The taxing power of a state does not extend beyond its territorial limits, but within such limits it may tax persons, property, incomes, or business.
3. If an interest in property is taxed, the situs of either the property

or interest must be found within the state. If an income be taxed, the recipient thereof must have a domicile within the state or the property or business out of which the income issues must be situated within the state so that the income may be said to have a situs therein. [Whether an income may have a situs for taxing purposes different from that of its recipient is not determined.]

4. The situs of the security for a debt is not necessarily the situs of the evidence of the indebtedness.

5. The Income Tax Law does not seek to reach property or an interest in property as such, but to reach incomes having a situs within the state or growing out of a privilege exercised or occupation conducted within the state, and sub. 3, sec. 1087m—2, Stats. 1911, levying an income tax upon nonresidents "upon such income as is derived from sources within the state or within its jurisdiction," must be construed to mean such income as issues directly from property or business located within the state, and not income from loans made therein, though secured by a trust deed upon property situated within the state.

6. The purchase of a bond issued by a domestic corporation is the making of a loan of money to the obligor; its purchase by a nonresident does not constitute any business carried on within the state, and its situs remains at the domicile of the bondholder. Interest on such a bond, paid to a nonresident, is therefore not income "derived from sources within the state," within the meaning of sub. 3, sec. 1087m—2, Stats. 1911.

7. A corporation whose property was by sub. (b), sec. 1087m—3, Stats. 1911, made liable for the income tax upon the interest paid to its bondholders if the latter failed to pay such tax, may maintain an action questioning the validity of the tax.

8. Where a part of a tax is invalid and the amount of the illegal portion is not capable of ascertainment, the whole tax fails.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action involves the construction of sub. 3 of sec. 1087m—2, Stats. 1911, which provides that an income tax "shall be assessed, levied and collected upon all income, not hereinafter exempted, received by every person residing within the state, *and by every nonresident of the state* upon such income as is derived from sources within the state or within its jurisdiction." In 1913 the *Wisconsin Tax Commission* assessed against the bondholders of the relator an income tax

of six per cent. upon $11,575, which was the amount of interest paid by it to them during the year 1911. It is stipulated between the parties that a portion of the bondholders to whom relator paid such interest were nonresidents of the state.

The trial court reversed and set aside the action of the *Tax Commission* on the ground that sub. 3 of sec. 1087m—2, Stats. 1911, in so far as it authorizes the assessment of a tax against relator's bondholders for interest paid by it to them, which tax is by sub. (b), sec. 1087m—3, made a lien prior to all other liens upon the property and business of the relator, and unless paid by said bondholders requires payment thereof to be enforced out of the property of the relator, is unconstitutional and void. From a judgment accordingly the defendants appealed.

For the appellants there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the respondent there was a brief by *Nash & Nash,* and oral argument by *E. G. Nash.*

A brief was also filed by *Olin, Butler, Stebbins, Curkeet & Stroud* supporting the contentions of the respondent, and the cause was argued orally by *H. L. Butler.*


VINJE, J. The *Income Tax Cases,* 148 Wis. 456, 503, 134 N. W. 673, 135 N. W. 164, dealt with only those provisions of the Income Tax Act which if declared void might invalidate the whole law. Matters of detail or the consideration of separate parts, the invalidity of which would not affect the whole law, were left for future determination. The present question belongs to the latter class. It involves the construction of that part of the law taxing nonresidents upon "such income as is derived from sources within the state or within its jurisdiction," being sub. 3 of sec. 1087m—2, Stats. 1911.

Our constitution originally provided that "the rule of taxation shall be uniform, and taxes shall be levied upon such property as the legislature shall prescribe." To this was added by the amendment of 1908: "Taxes may also be imposed on incomes, privileges and occupations, which taxes may be graduated and progressive, and reasonable exemptions may be provided." Sec. 1, art. VIII. It was stated in the *Income Tax Cases, supra,* that the constitution as amended clearly recognizes the idea that the taxation of *property* and the taxation of incomes are two separate and distinct things. In taxes upon property the rule of taxation must be uniform, while taxes upon incomes may be graduated and progressive. It may be conceded that, logically and philosophically considered, all taxes are ultimately derived from property or labor and paid in property. But as was said in *Van Dyke v. Milwaukee,* 159 Wis. 460, 463, 464, 150 N. W. 509, philosophical and logical distinctions must yield to the clearly expressed intent of the written law and to the possibility of a practical administration thereof. The constitution divides the subjects upon which taxes may be levied into two classes, one property, the other incomes, privileges, and occupations. The supreme law of the state having so divided them, and there being nothing in such division contrary to a valid classification or to the federal constitution, courts must respect the division and administer the law as written. *Income Tax Cases,* 148 Wis. 456, 503, 134 N. W. 673, 135 N. W. 164.

The taxing power of a state does not extend beyond its territorial limits. *Union R. T. Co. v. Kentucky,* 199 U. S. 194, 26 Sup. Ct. 36. Within such limits it may tax persons, property, incomes, or business. *State Tax on Foreign-held Bonds,* 15 Wall. 300. If the tax be on property, it, or its lawfully constituted situs, must be found within the state. If an interest in property is taxed, the situs of either the property or interest must be found within the state. If an

income be taxed, the recipient thereof must have a domicile within the state or the property or business out of which the income issues must be situated within the state so that the income may be said to have a situs therein. Whether an income may have a situs for taxing purposes different from that of its recipient is not determined. But assuming that it can, did the income in question have a situs in this state?

The bondholders as such were individually sought to be taxed. They were creditors of the relator, and a portion of them resided outside the state. The nonresidents as bondholders owned no property and conducted no business within its borders and had no domicile here. True, their debt was secured by property within the state, but the situs of the security for a debt is not necessarily the situs of the evidence of the indebtedness. The Income Tax Law does not seek to reach property or an interest in property as such, but to reach incomes having a situs within the state or growing out of a privilege exercised or occupation conducted within the state. The law levying an income tax upon nonresidents "upon such income as is derived from sources within the state or within its jurisdiction," must be construed to mean such income as issues directly from property or business located within the state, and not income from loans made therein, though, as here, secured by a trust deed upon property situated within the state. The situs of the property out of which such income issues is that of the domicile of the creditor. *State Tax on Foreign-held Bonds,* 15 Wall. 300. The purchase of a bond is the making of a loan of money to the obligor. The bond represents so much money due from the debtor. The purchase of it does not constitute any business carried on within the state. The situs of a bond remains at the domicile of the bondholder. So the interest in question did not, as to nonresident bondholders, constitute an income derived from sources within the state within the meaning of sub. 3 of sec. 1087m—2, Stats. 1911.

In all cases cited by the attorney general the tax was levied upon property or an interest in property as such, as, for instance, a tax upon the interest of a mortgagee in the mortgaged premises (*Savings & L. Soc. v. Multnomah Co.* 169 U. S. 421, 18 Sup. Ct. 392); or a tax upon shares of stock at the situs of a corporation (*Delaware Railroad Tax,* 18 Wall. 206); or a tax upon shares of stock at the domicile of the stockholder (*Hawley v. Malden,* 232 U. S. 1, 34 Sup. Ct. 201). All such cases, while interesting and instructive upon property taxation, are not particularly helpful in settling the situs of an income tax. Even a tax on the income of real estate or of personal property, though declared in *Pollock v. Farmers' L. & T. Co.* 158 U. S. 601, 15 Sup. Ct. 912, to be a direct tax within the meaning of the federal constitution, requiring such taxes to be apportioned according to population, is not, where included in an income tax, a direct tax upon property as such. Our income tax is a burden laid upon the recipient of the income whether derived from real estate, personal property, or labor, the amount of which is determined by the amount of the total net income derived from these sources, singly or combined. It is a toll taken from the fruits of property and labor in proportion to the net value of the harvest. Such toll is property, and so is the fruit of property and labor. But as before stated, since the constitution has lawfully classified the subjects of taxation into that of property and incomes, the distinction must be observed by the courts, though logically both classes constitute property.

The essence of the constitutional amendment authorizing income taxation is that that part of property constituting income shall be separately and differently taxed from all other property. There is nothing unlawful or inconsistent in such a classification.

The state makes the contention that the relator has no right to prosecute the action because the tax is not levied against it but against the bondholders. The tax, however, if not paid by them, is made a specific lien upon the relator's property

prior to all other liens.  Sub. (b), sec. 1087m—3.  This fact gives the relator a sufficient interest in the subject matter of the action to maintain it.

The result arrived at is that, as to the nonresident bondholders, the income sought to be taxed was not derived from sources within the state within the meaning of the Income Tax Law of 1911.  Hence, assuming such law to be constitutional, the tax upon them was nevertheless illegal.  Since the amount of the illegal portion is not capable of ascertainment the whole tax fails.  It follows that the judgment must be affirmed, but upon a different ground than that upon which the trial court based it.

*By the Court.*—Judgment affirmed.