BAYFIELD COUNTY, Appellant, vs. PISHON, Trustee, Respondent.

*February 2—February 22, 1916.*

*Taxation of incomes: Statute construed: Nonresidents: Income of trust estate located elsewhere but administered by Wisconsin court.*

1. Sub. 3, sec. 1087m—2, Stats. 1911, imposes a tax only upon such part of a nonresident's income as is derived from sources within the state or within its territorial jurisdiction.
2. The language of said statute being unambiguous, it must be given its plain, ordinary meaning.
3. The income of a trust estate—consisting of moneys, stocks, bonds, and other securities—created by a resident testator in favor of nonresident beneficiaries and being administered by a nonresident trustee appointed by and amenable to a county court of this state, is not taxable in this state where none of such income was derived from property actually located or business actually transacted within the state.
4. The property, in such a case, is not constructively in this state, so as to make the income thereof taxable here, merely because a county court of this state is administering the trust.

APPEAL from a judgment of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Affirmed.*

The appeal is from a judgment in an action to recover $1,356.86 with interest, income tax assessed against the defendant, and adjudging and determining that such tax was illegally levied and assessed and was void because such income was not taxable in Wisconsin.

The case was tried upon the following stipulated facts:

"It is hereby stipulated and agreed, pursuant to section 2788 of the Wisconsin Statutes, that the following facts are and shall be admitted by both parties for the purpose of and on the trial of this action:

"1. Isaac H. Wing died testate at the town of Bayfield, Bayfield county, Wisconsin, August 27, 1907.

"2. At the time of his death he was and had been for more than twenty-five years a resident of said county.

"3. His will was duly probated in the county court of said *Bayfield County* on the 22d day of October, 1907, by the terms of which a trust was created in favor of the beneficiaries hereinafter named; a copy of which will is hereunto annexed and made part hereof.

"4. One of the trustees named in said will, Abby L. Benjamin, was a sister of said decedent, and the other trustee, Albion P. Benjamin, was her husband. Said trustees were the parents of the life tenants named in said will, Jeannette Benjamin and Alice Benjamin.

"5. Each of said life tenants was more than twenty-one years of age at the time of the death of said testator, and neither of them has ever been married. Neither of said life tenants has ever lived in the state of Wisconsin, but both of them have resided throughout their lives and still reside in the state of Maine.

"6. Said Albion P. Benjamin having died prior to September 1, 1908, the appointment by said testator of said Abby L. Benjamin as trustee was ratified and confirmed by the county court of said *Bayfield County* on said last mentioned date, whereupon she gave bond as required by said court, which was duly approved, and letters of trust were accordingly issued to her as sole trustee by said court on the 15th day of

2

September, 1908. Thereafter, and prior to May 26, 1909, the executors of the will of said testator turned over to said Abby L. Benjamin as such trustee all of the assets belonging to said estate, which assets she removed to the said state of Maine, where they remained in the custody and possession of said Abby L. Benjamin, as such trustee, until her death, which occurred January 8, 1913.

"7. The assets of said estate at the time of the death of said decedent consisted and have ever since consisted of moneys, stocks, bonds, and other securities.

"8. After the death of said Abby L. Benjamin as aforesaid, and on the 21st day of April, 1913, *Hiram L. Pishon* of Augusta, Maine, was duly appointed as sole trustee by said county court to fill the vacancy created by the death of said Abby L. Benjamin, and said *Pishon* immediately qualified, and has ever since acted, and is now acting, as such trustee, and has had in his possession within said state of Maine ever since his appointment and qualification as aforesaid all the assets of said estate, and has received the income derived therefrom throughout said period and ever since the death of said Abby L. Benjamin as aforesaid. Said *Pishon* has never resided· in the state of Wisconsin, but has resided in the state of Maine throughout his life and still resides there.

"9. None of the income which has accrued to the estate of said testator, and none of the income which has been received by said Abby L. Benjamin, or said *Pishon,* as such trustee, and none of the income which has been received by either said Jeannette Benjamin or Alice Benjamin, has been derived from property located or business transacted within the state of Wisconsin. Each of said trustees paid said income to said beneficiaries according as the same was collected from time to time during each year.

"10. The only persons now in being who have any interest in said trust estate are said life tenants, Jeannette Benjamin and Alice Benjamin, and one Henry F. Perkins. Said Perkins at the time of the death of said testator resided, ·has ever since resided, and still resides in the state of Oregon. In case of the death of said life tenants without issue, said Perkins surviving them, said entire trust estate will go to him under said will.

"11. Said Abby L. Benjamin, after her appointment and qualification as such trustee, rendered her accounts annually

to said Bayfield county court until her death, and said *Hiram L. Pishon* has likewise rendered his accounts to said court annually as such trustee from and after his said appointment and qualification, and neither of said trustees ever rendered any account to any other court or exercised his or her official functions as such trustee as aforesaid otherwise than by and under the authority conferred upon them by said Bayfield county court as aforesaid.

"12. The income-tax assessor of said *Bayfield County* in form levied and assessed a tax on an income of $14,391 for the first nine months of the year 1911 against said *Pishon* as such trustee, said sum being the total income of said estate during said period, and the amount of said tax, as extended upon the tax roll for the year 1913, being $498.46; and for the year ending October 1, 1912, said income-tax assessor in form levied and assessed a tax against said *Hiram L. Pishon* as such trustee on an income of $20,390, said sum being the total income of said estate for said year, and the tax upon said income, as extended upon the tax roll for the year 1913, being $858.40. No deduction was made for exemption in either case. If said income was taxable, said taxes became due and payable January 31, 1914. Payment thereof was demanded of said *Pishon,* who refused to pay the same or any part thereof.

"13. Neither the said trustee, Abby L. Benjamin, nor said *Hiram L. Pishon,* nor any one in behalf of either of them, at any time appeared before the county board of review in the matter of the assessment of the tax upon the income of said trust estate, nor did either of them nor any one for them ever appeal from the decision of the county board of review in such matter.

"14. Nothing contained in the ninth paragraph of this stipulation shall be so construed as to prevent the court from finding that said income or a part thereof was derived from property constructively located or business constructively transacted in said state or within its jurisdiction by reason of the fact that said trustee was appointed by and is amenable to the county court of said *Bayfield County.*"

For the appellant the cause was submitted on the brief of *A. M. Warden,* district attorney, and *John J. Fisher.*

*William F. Shea,* for the respondent.

KERWIN, J. Upon the undisputed facts we think the judgment below must be affirmed.

The part of the statute relating to the question before us reads:

"The tax shall be assessed, levied and collected upon all income, not hereinafter exempted, received by every person residing within the state, and by every nonresident of the state upon such income as is derived from sources within the state or within its jurisdiction. So much of the income of any person residing within the state as is derived from rentals, stocks, bonds, securities or evidences of indebtedness shall be assessed and taxed, whether such income is derived from sources within or without the state; provided, that any person engaged in business within and without the state shall, with respect to income other than that derived from rentals, stocks, bonds, securities or evidences of indebtedness, be taxed only upon that proportion of such income as is derived from business transacted and property located within the state, which shall be determined in the manner specified in subdivision (e) of section 1770*b*, as far as applicable." Sub. 3, sec. 1087*m*—2, Stats. 1911.

This statute imposes a tax only upon such part of a nonresident's income as is derived from sources within the state or within its jurisdiction. It is quite obvious that the purpose of the statute is to tax a nonresident upon his income derived from sources within the territorial jurisdiction of the state. *Income Tax Cases,* 148 Wis. 456, 134 N. W. 673, 135 N. W. 164; *State ex rel. Manitowoc G. Co. v. Wis. Tax Comm.* 161 Wis. 111, 152 N. W. 848.

The income under consideration was not derived from property located or business transacted in the state of Wisconsin, and the owners of the property never resided in Wisconsin.

But it is contended by appellant that the property was constructively in Wisconsin because the Bayfield county court in Wisconsin was administering the trust. We do not think the statute is capable of such construction. The language of the statute must be given its plain, ordinary meaning. *Van*

*Dyke v. Milwaukee,* 159 Wis. 460, 150 N. W. 509; *U. S. G. Co. v. Oak Creek,* 161 Wis. 211, 153 N. W. 241. The words of the statute are unambiguous, and this court must construe them according to their plain, ordinary meaning. *Rogers-Ruger Co. v. Murray,* 115 Wis. 267, 91 N. W. 657; *Ashland v. Maciejewski,* 140 Wis. 642, 123 N. W. 130; *Gilbert v. Dutruit,* 91 Wis. 661, 65 N. W. 511.

Some other questions are discussed by counsel in their brief, but in the view we take of the case it is not necessary to consider them.

*By the Court.*—The judgment is affirmed.