STATE EX REL. WISCONSIN TRUST COMPANY and others, Appellants, vs. WIDULE, County Clerk, etc., Respondent.

*September 14—October 3, 1916.*

*Taxation of incomes: Dividends and interest received by resident trustee for benefit of nonresident: Statutes construed: Constitutional law.*

1. The word "income" as used in sec. 1, art. VIII, Const., means the profit or gain derived from capital or labor or from both combined.
2. Under secs. 1087m—2, 1087m—10, Stats. 1913, dividends derived from stocks and interest derived from notes, mortgages, etc., received by a resident trustee (individual or corporate) as a gain or profit from securities constituting the trust fund were taxable as income in this state, even though the person entitled to the enjoyment thereof and to whom they must be paid over was a nonresident and also a co-trustee, and even though two of the three trustees resided without the state.
3. The resident trustee, in such a case, in whose custody the securities were and to whom the dividends and interest were paid, must, in view of sub. 5, sec. 1087m—10, be deemed the "recipient" of such income, within the meaning of sub. 3, sec. 1087m—2.
4. The taxation of such income in this state is within the constitutional power of the legislature, and no contract obligation is thereby impaired.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

*Certiorari* brought to review the action of the assessor of incomes for Milwaukee county in levying the tax in question, the assessment having been confirmed by the county board of review and by the Wisconsin state tax commission. Judgment was rendered in the circuit court affirming the assessment, and from the judgment this appeal is taken by the Wisconsin trustee, who claims that the fund was not assessable in the state of Wisconsin as income.

The material facts are as follows: Nathan Hamburger, a resident of Milwaukee county, Wisconsin, died testate September 15, 1910. He left a will which was duly admitted to probate in the county court of Milwaukee county. Jacob Gimbel, named in the will as executor, declined to act. *Ellis A. Gimbel* was appointed as executor and trustee in his stead and at all times resided within the state of Pennsylvania. The widow of Hamburger remarried and is now known as *Bertha H. Behal,* and during the year 1913 resided in the state of Pennsylvania. The *Wisconsin Trust Company* is a Wisconsin corporation having its principal office at Milwaukee, Wisconsin. The three persons last named were the executors of the will and subsequently qualified as trustees under the will.

By articles III, IV, V, VII, VIII, IX, and X of the will there was given to the executors in trust a specific number of shares of stock in a Pennsylvania corporation, Gimbel Brothers, Incorporated, and it is provided that such shares of stock or their proceeds in case of sale are to be held in trust and administered for the beneficiaries named. By other articles of the will, VI, XI, XII, XIII, and XIV, are given money bequests, and by article XV certain specific personal property is bequeathed. By article XVI a trust for the benefit of the widow *Bertha H. Hamburger* (now *Behal*) is created, and this article so far as material here is as follows:

"All the rest, residue and remainder of my property and estate of whatever kind and nature and wherever situated,

real, personal and mixed, which I may own at the time of my death, I give, devise and bequeath to my said executors, in trust, upon the trust that they hold and invest the same and pay the net income thereof to my beloved wife *Bertha Hamburger,* for her own sole use and benefit so long as she may live, and subject only to this bequest in trust for and during the life of my said wife, the principal of this bequest is given, devised and bequeathed to my wife, to become her sole and separate estate to be disposed of by her, by will or otherwise; and if she do not so dispose of it, to become upon her death part of her intestate estate; and the gift, devise and bequest made to my said wife in this will are in lieu of dower and other claim against my estate which my wife might have in the absence of this will; . . ."

The executors are given full power and authority to manage the property and to invest and reinvest the same so as to yield a safe and reasonable income, except, however, that they are to invest moneys realized from the estate only in such interest-bearing securities as may lawfully be acquired for the purpose of the investment of trust funds in the hands of trustees according to the laws of the state of Wisconsin.    The trustees are also given power and authority to sell the stock owned by the said testator at the time of his death in Gimbel Brothers, Incorporated, which constitutes the major portion of the trust fund, upon certain terms and conditions mentioned in said will.    It is further provided by the will that if the *Wisconsin Trust Company* refuses to act, another trust company in the state of Wisconsin be appointed as one of the trustees, and it also provides for the filling of vacancies among the trustees by the county court of Milwaukee county or the court succeeding to its jurisdiction.

The estate was fully probated and assigned to the trustees under the will.    The securities belonging to the estate were in the custody of the *Wisconsin Trust Company* at its office in the city of Milwaukee during the year 1913, where the dividends and interest accruing were paid.    In February,

1914, the *Wisconsin Trust Company* made a return, for and on behalf of all of the trustees, of the dividends and interest received by it from the trust property above mentioned to the income tax assessor, as follows: (1) Dividends on stock owned by said trustee in Gimbel Brothers, Incorporated, a corporation organized under the laws of the state of Pennsylvania, but doing business in the states of Wisconsin and Pennsylvania, amounting to $42,652.50; (2) dividends from the Provident Loan Society, Milwaukee, Wisconsin, amounting to $22.50; (3) interest on notes given for the purchase price of certain assets of the estate which were purchased by the trustee of the estate of said Nathan Hamburger, which amounted to $7,269.92; (4) interest on money deposited with the Wisconsin National Bank. Certain real estate located in the state of Pennsylvania is included in the trust, but the amount derived therefrom was not included as income in the present assessment. An apportionment was made by the tax commission under sub. 3, sec. 1087m—2, Stats., of the business done and earnings of Gimbel Brothers, Incorporated, in Wisconsin, the correctness of which was admitted by all parties in interest. The assessor of incomes, after allowance of deductions and exemptions, made an assessment against the *Wisconsin Trust Company,* the resident trustee, in the sum of $39,140, which was thereafter approved by the income tax board of review for Milwaukee county, and upon proceedings properly had was also approved by the Wisconsin state tax commission.

For the appellants there were briefs signed by *Glicksman, Gold & Corrigan,* attorneys, and oral argument by *Nathan Glicksman.*

For the respondent there was a brief by the *Attorney General, E. E. Brossard,* assistant attorney general, *Winfred C. Zabel,* district attorney for Milwaukee county, and *William L. Tibbs* and *Daniel W. Sullivan,* assistant district attorneys; and the cause was argued orally by *Mr. Brossard.*

ROSENBERRY, J.    The provisions of the Income Tax Act so far as applicable here are as follows:

"Section 1087m—1.   There shall be assessed, levied, collected and paid a tax upon incomes received during the year ending December 31, 1911, and upon incomes received annually thereafter, by such persons and from such sources as hereinafter described; . . ."

"Section 1087m—2.   1.  The term 'person,' as used in this act, shall mean and include any individual, firm, copartnership, and every corporation, joint stock company or association organized for profit, and having a capital stock represented by shares, unless otherwise expressly stated.

"2.  The term 'income,' as used in this act, shall include: . . .

"(b) All dividends derived from stocks and all interest derived from money loaned or invested in notes, mortgages, bonds or other evidence of debt of any kind whatsoever. . . .

"3.  The tax shall be assessed, levied and collected upon all income, not hereinafter exempted, received by every person residing within the state, and by every nonresident of the state, upon such income as is derived from property located or business transacted within the state.   In determining taxable income, rentals, royalties, and gains or profit from the operation of any farm, mine, or quarry shall follow the situs of the property from which derived, and income from personal service and from land contracts, mortgages, stocks, bonds and securities shall follow the residence of the recipient. . . ."

"Section 1087m—10. . . . 5.  Every guardian, trustee, executor, administrator, agent or receiver, and every other person or corporation acting in a fiduciary capacity shall make and render to the assessor of incomes of the district in which such representative resides, a verified list or return of the amount of income received by him for such person, ward or beneficiary together with all income received by the ward, beneficiary, deceased or incompetent person whom he represents or succeeds during the year covered by the return and shall be liable to assessment and taxation therefor, subject to the deductions and exemptions provided in this chapter; provided, that such deductions or exemptions have not been

claimed by or for such person, ward or beneficiary in another capacity. The return so made shall be signed by the person rendering it, and by the president or secretary thereof, if a corporation. Every person subject to an income tax in his representative capacity under this subdivision shall have all of the remedies and rights of reimbursement for any tax assessed against or paid by him in such capacity prescribed by section 1044a of the statutes."

The *Wisconsin Trust Company* is a person as defined by the statutes. The fund for which it was assessed is dividends derived from stocks and interest derived from money loaned or invested in notes, credits, bonds, or other evidence of debt. The fund was received by the *Wisconsin Trust Company* as trustee at its office within the state of Wisconsin.

Restatement and argument cannot make plainer the fact that the legislature intended that funds of this character should be taxed as income in the hands of trustees residing within this state.

Has the legislature the constitutional power to tax a fund such as the one in question as income?

Sec. 1 of art. VIII of the constitution is as follows:

"The rule of taxation shall be uniform, and taxes shall be levied upon such property as the legislature shall prescribe. Taxes may also be imposed on incomes, privileges and occupations, which taxes may be graduated and progressive, and reasonable exemptions may be provided."

The word "income" as used in the constitution has been defined as the profit or gain derived from capital or labor or from both combined. *State ex rel. Bundy v. Nygaard,* 163 Wis. 307, 158 N. W. 87; *Van Dyke v. Milwaukee,* 159 Wis. 460, 150 N. W. 509; *Income Tax Cases,* 148 Wis. 456, 134 N. W. 673, 135 N. W. 164; *State ex rel. Manitowoc Gas Co. v. Wis. Tax Comm.* 161 Wis. 111, 152 N. W. 848, and cases cited.

The fact that in the present case the fund in question must be paid to the person entitled to enjoy it, that that person re-

sides without the state and is a co-trustee, and that two of the co-trustees reside without the state of Wisconsin, does not work a change in the character of the fund itself in the hands of the Wisconsin trustee, and it is a gain or profit derived from the securities constituting the trust fund and hence income, and is subject to taxation as income.

Much might be said both for and against the legislative policy involved, but with that this court has nothing to do. The legislative intent is clear and the act is within the constitutional power of the legislature, and the assessment, therefore, was a lawful one.

It may be noted that the testator used the word "income" in his will in the same sense that the word is used in the constitution, meaning thereby the gain or profit coming into the hands of the trustees from the property devised and bequeathed to them.    This perhaps is not very material except that it shows that the meaning of the word as defined by the court is the common ordinary meaning given to the word in everyday life.

Under the provisions of sub. 5, sec. 1087m—10, Stats. 1913, which specially provides that all income received by guardians, trustees, executors, administrators, agents, or receivers shall be subject to assessment and taxation, we must hold that the *Wisconsin Trust Company,* under the facts of this case, was the "recipient" within the meaning of sub. 3 of sec. 1087m—2.

The rule laid down in *State Tax on Foreign-held Bonds,* 15 Wall. 300, and *Union R. T. Co. v. Kentucky,* 199 U. S. 194, 26 Sup. Ct. 36, does not apply, for the reason that no. contract is impaired, neither is any person deprived of property without due process of law.    A tax on income seems to be expressly reserved in the opinion of the court in the last case.    Speaking of tangible personal property, the court says:

"It is not only beyond the sovereignty of the taxing state, but does not and cannot receive protection under its laws.

True, a resident owner may receive an income from such property, but the same may be said of real estate within a foreign jurisdiction. Whatever be the rights of the state with respect to the taxation of such income, it is clearly beyond its power to tax the land from which the income is derived." Page 204.

No contract obligation is in any way impaired. The *Trust Company* will pay the net income in accordance with the terms of the will, which will be the amount remaining after the payment of the tax and other necessary administrative expenses.

We conclude, therefore, that the fund was taxable as income under the provisions of the Income Tax Act and that the act is a valid exercise of legislative power and the assessment was lawfully made.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J., dissents.