STATE EX REL. WISCONSIN TRUST COMPANY and others, Appellants, vs. PHELPS, County Clerk, etc., Respondent.

*January 16—July 3, 1920.*

*Taxation: Trusts administered in Wisconsin: Dividends paid direct to beneficiary as income of trustee: Constitutionality of income tax law: Waiver of objection by taxpayer: Appeal: Question first raised on rehearing.*

1. The provisions of a testamentary trust directing that a designated Wisconsin trust company act as trustee, and in case of

its refusal another Wisconsin trust. company be appointed, that the trust funds be invested in securities which the laws of Wisconsin permit trustees to invest in, and that the county court of Milwaukee county or its successor fill vacancies in the trustees, clearly indicate that the testator intended the trust to be administered in Wisconsin.

2. Where a Wisconsin trust company, administering a trust in Wisconsin, consented to a Pennsylvania corporation paying dividends at Philadelphia to a beneficiary of the trust residing in that city, receipts being signed by the beneficiary and forwarded to the Wisconsin trust company, the trustee crediting the income account of the trust estate with the amount paid to such beneficiary and debiting the same account with the amount when the receipt of the beneficiary was received, and accounting to the county court for the amount so credited and debited, the transaction constituted in law a payment of the income to the Wisconsin trust company, and such income was "received" by the Wisconsin trust company within the meaning of sub. 3, sec. 1087m—2, Stats., and was properly assessed for income taxation.

3. Where an income taxpayer did not claim exemption in his return, but opposite the place for exemptions for the taxpayer wrote "None," and the same word opposite the exemption as to children, he waived his claim that the assessment against him was invalid because contravening sec. 1, amendm. XIV, Const. U. S., in that the income tax law grants no exemptions to nonresidents while it does to residents.

4. A question not raised in the trial court and not presented on argument in the supreme court, but only on motion for rehearing, is presented too late.

ESCHWEILER and ROSENBERRY, JJ., dissent.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

*Certiorari* to review the validity of an assessment of $70,607.87 against the relators as trustees under the will of Nathan Hamburger, deceased, for income taxation for the year 1917. For the contents of the Hamburger will and a statement of the trust, trustees, and beneficiaries created thereby reference is made to *State ex rel. Wis. T. Co. v. Widule,* 164 Wis. 56, 159 N. W. 630, where the same was set out adequately for the purposes of this case. For the

year 1917 Gimbel Brothers, a Pennsylvania corporation, doing business both in Philadelphia and in Milwaukee, declared and paid dividends and interest in the sum of $84,060 to the Hamburger estate, of which sum $13,452.13 was earned by the Wisconsin business of the corporation and upon which it paid an income tax in this state, leaving $70,607.87 taxable if received by the *Wisconsin Trust Company* within the meaning of sub. 3, sec. 1087m—2, Stats.

Prior to 1917 the dividends and interest from Gimbel Brothers had been paid to the *Wisconsin Trust Company* and by it returned as taxable income. In 1917, instead of paying such dividends and interest directly to the *Trust Company,* Gimbel Brothers asked permission from it to pay them to *Mrs. Behal,* then a resident of Philadelphia. Permission was granted and the dividends and interest were paid to *Mrs. Behal* by Gimbel Brothers in Philadelphia. Whenever a payment was made *Mrs. Behal* would sign and send to the *Wisconsin Trust Company* a receipt in this form: "$——. Received of *Wisconsin Trust Company, Bertha Behal,* and *Ellis A. Gimbel,* Trustees, $—— dollars. *Bertha H. Behal,*" filling in the amount received. All receipts and disbursements of the trust estate, including the payments made by Gimbel Brothers to *Bertha H. Behal,* were entered on the books of the trust estate and accounted for by the *Wisconsin Trust Company.* It had possession of all the assets of the trust estate, kept all the books, and accounted to the county court.

The judgment of the circuit court confirmed the assessment in question, and the relators appealed.

For the appellants there were briefs by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Nathan Glicksman.*

For the respondent there were briefs by the *Attorney General, E. E. Brossard,* assistant attorney general, *Winfred C. Zabel,* district attorney of Milwaukee county, and *Daniel*

*W. Sullivan,* first assistant district attorney; and the cause was argued orally by *Mr. Sullivan* and *Mr. Brossard.*

The following opinion was filed March 9, 1920:

VINJE, J.    The single question for decision on this appeal is, Did the *Wisconsin Trust Company* receive the income of the trust estate for the year 1917 within the meaning of sub. 3, sec. 1087m—2, Stats. 1917? If it did, then under the provisions of sub. 5, sec. 1087m—10, its duty was to report it for taxation and pay an income tax thereon. A solution of the question will be materially aided by a reference to the conditions of the trust. The *Wisconsin Trust Company* was made a trustee with the provision that if it refused to act another Wisconsin trust company should be appointed in its stead. The funds of the estate were to be invested in such securities as the laws of the state of Wisconsin permit trustees to invest in, and vacancies in the trustees were to be filled by the county court of Milwaukee county or its successor, and of course the trustees must account to the county court of Milwaukee county. These provisions indicate quite clearly that the testator intended the trust to be administered in Wisconsin, and we must presume, in the absence of clear proof to the contrary, that the trustees have complied with the provisions of the trust.

It appears without dispute that the *Wisconsin Trust Company* has at all times been in the physical possession of the assets of the trust estate, has kept all the accounts thereof, and has prepared and filed its reports to the county court, the other trustees joining therein to the extent of certifying that they believe such reports to be correct.

Now let us see just what was done in this case as to the disputed income. The *Wisconsin Trust Company* said to Gimbel Brothers, You may pay the income to *Mrs. Behal* instead of to me, as you request; but I must be advised of all the transactions between you so that I can correctly keep

and report the trust account; and proper receipts must be sent me by *Mrs. Behal* to protect me in my account to the county court. Pursuant to such permission and direction the income was paid by Gimbel Brothers of Philadelphia to *Mrs. Behal,* presumably as a matter of convenience, since *Mrs. Behal* lived in Philadelphia. The *Wisconsin Trust Company* credited the income account of the estate with the amount paid to *Mrs. Behal* and debited the same account with the amount when *Mrs. Behal's* receipt was received, and it accounted to the county court for the amount so credited and debited.

In view of the provisions of the trust, the method of conducting the trust estate, as well as the legal effect of the mode of payment, we conclude that the transactions constituted in law a payment of the income to the *Wisconsin Trust Company* though no cash was received by it. To hold otherwise were to permit shadow and not substance to control and to invite evasions of the payment of income taxes by an exchange of receipts in lieu of cash or its equivalent.

Since we reach the result that the income assessed was received by the *Wisconsin Trust Company* within the meaning of sub. 3, sec. 1087m—2, the case falls within the rule of *State ex rel. Wis. T. Co. v. Widule,* 164 Wis. 56, 159 N. W. 630, and not within that of *Bayfield Co. v. Pishon,* 162 Wis. 466, 156 N. W. 463. A number of collateral questions argued are rendered immaterial by the result reached upon the main facts of the case and are therefore not considered.

*By the Court.*—Judgment affirmed.

ROSENBERRY, J., dissents.

ESCHWEILER, J. (*dissenting*). The majority opinion holds that the *Wisconsin Trust Company* received the in-

come in question and because it did so receive it an income tax must be paid thereon.

The payment without the state of Wisconsin by Gimbel Brothers Company of the income in question to one of the three joint trustees was a lawful transaction, its validity is not questioned, and the payment to such one trustee by the Gimbel Brothers Company was an absolute discharge of its obligation to the trust estate.   The *Wisconsin Trust Company* could not insist or require that the payment of this dividend should be made to it rather than to *Mrs. Behal.*

That the *Wisconsin Trust Company* kept the accounts of the trust and made an entry therein of the payment of this dividend is a mere matter of bookkeeping and does not convert that which is not a payment to it into a payment.

The majority hold that it was the evident intention of the creator of the trust that the securities should be held within the state of Wisconsin and that the trust should be administered within this state.   That a trust is to be administered within the state is not of itself sufficient to create such a liability for an income tax was directly and squarely held by this court in *Bayfield Co. v. Pishon,* 162 Wis. 466, 156 N. W. 463.   Unless it is intended by the majority opinion herein to overrule that case, then the fact that this is a trust to be administered within the state of Wisconsin does not, on that ground, render the income lawfully paid without the state subject to the income tax.

The majority opinion, in effect holding that because the securities are here the dividends are constructively here, overlooks, in my judgment, the clear and heretofore well recognized distinction between a tax on personal property and a tax upon the recipient of an income therefrom (*State ex rel. Sallie F. Moon Co. v. Wis. Tax Comm.* 166 Wis. 287, 290, 163 N. W. 639, 165 N. W. 470), and the further doctrine that the taxing power of the state is not extra-territorial.   Both doctrines were clearly stated in *State ex*

*rel. Manitowoc Gas Co. v. Wis. Tax Comm.* 161 Wis. 111, 152 N. W. 848, particularly on pages 114 and 115, where it is said, referring now to the former:

"If the tax be on property, it, or its lawfully constituted situs, must be found within the state. If an interest in property is taxed, the situs of either the property or interest must be found within the state. If an income be taxed, the recipient thereof must have a domicile within the state or the property or business out of which the income issues must-be situated within the state so that the income may be said to have a situs therein."

If that decision correctly stated the law, then the income in this case was not subject to taxation because the lawful recipient thereof, namely *Mrs. Behal,* did not have a domicile within the state, and neither the property nor the business of Gimbel Brothers Company, out of which the income issued, was situated within the state. See, also, *Superior v. Allouez Bay Dock Co.* 166 Wis. 76, 80, 164 N. W. 362.

That the questions concerning property taxation are distinct and separate from those relating to income taxation, see, also, notes in L. R. A. 1915C, 949; *De Noailles' Estate,* 236 Pa. St. 213, 84 Atl. 665, 46 L. R. A. N. s. 1167, 1172.

In the former appeal concerning this same trust estate in 164 Wis. 56, 159 N. W. 630, a similar assessment for income tax on a similar dividend was sustained because the fund was in that instance received by the Wisconsin trustee within the state of Wisconsin. The same result is now reached where the income is not paid as a matter of fact to the trustee within the state of Wisconsin, but was legally and properly paid to one without the state. The *Wisconsin Trust Company* was held liable in the first case because it did receive the dividend out of which it could and was required to pay the income tax. It is now required to pay a similar income tax upon that which it did not receive into its legal custody and which it is under no legal obligation to

State ex rel. Wis. Trust Co. v. Phelps, 172 Wis. 147.

collect and which was lawfully paid somewhere else to some-one else. All that was said in the former opinion, there-fore, is now made idle.

I think the present decision is also contrary to the holding of this court in *Ashland Co. v. Knight,* 129 Wis. 63, 108 N. W. 208, as to the invalidity of an attempted reassess-ment of personal property to an agent not then in possession or owner of the property.

The following opinion was filed July 3, 1920:

PER CURIAM.    We are asked to grant a motion for a re-hearing upon the ground, among others, that the income tax assessment in question in this case is invalid because it con-travenes sec. 1 of the Fourteenth amendment of the consti-tution of the United States, and because our income tax law grants no exemptions to nonresidents while it does to resi-dents, and therefore constitutes invalid taxation under the federal constitution, as decided in the case of *Travis v. Yale & Towne M. Co.* 252 U. S. 60, 40 Sup. Ct. 228. The latter question was not raised in the court below and was not pre-sented upon the argument in this court.    Moreover, it ap-pears from the record that an exemption was not claimed in the income tax return made by the relator.    On the other hand, opposite the word "Exemptions" for the taxpayer in such return is written the word "None," and the same word appears opposite the exemption as to children.    It is clear, therefore, that the relator has waived the claim now made; and that if not waived the question is presented too late.

*By the Court.*—The motion for a rehearing is denied, with $25 costs.