APPEAL OF ESTATE OF L. E. McKINNON, BERTRAM W. BURTSELL, AND NORMAN PARSONS CLEMENT, EXECUTORS.

Docket No. 2650.   Promulgated March 5, 1927.

> Interest on foreign bonds paid to a nonresident alien individual while the bonds are held within the United States as security for a loan, does not constitute gross income from sources within the United States, within the meaning of section 213 (c) of the Revenue Act of 1918.

*Daniel B. Priest, Esq.*, for the petitioners.
*Ellis W. Manning, Esq.*, for the Commissioner.

This appeal involves the taxability, under the Revenue Act of 1918, of interest received by a nonresident alien during the calendar year 1919 upon coupon bonds of a foreign government and of a foreign, nonresident corporation, which bonds were during that year held by a domestic bank as collateral security for a loan. The petitioner claimed the interest as exempt, but the Commissioner held otherwise and determined a deficiency in the sum of $1,770.28.

#### FINDINGS OF FACT.

L. E. McKinnon, the decedent, was during the year 1919 a citizen and resident of the Dominion of Canada. During this year he owned certain coupon bonds of the Kingdom of Great Britain and Ireland and of the Grand Trunk & Pacific Railroad of Canada, the latter being a nonresident corporation. These bonds were put up as collateral security for a loan made by the Fidelity Trust Co. of Buffalo, N. Y., to the decedent. Interest on the bonds in the sum of $1,314.44 was collected by the Trust Company and credited to the account of the decedent with such company.

#### OPINION.

GREEN: The issue here is entirely one of law, there being no dispute as to the facts. The issue of law depends entirely upon the construction to be placed upon the applicable provisions of the Revenue Act of 1918, which are as follows:

Sec. 213. That for the purposes of this title (except as otherwise provided in section 233) the term " gross income "—

\*          \*          \*          \*          \*          \*

(c) In the case of nonresident alien individuals, gross income includes only the gross income from sources within the United States, including interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, dividends from resident corporations, and including all amounts received (although paid under a contract for the sale of goods or otherwise)

representing profits on the manufacture and disposition of goods within the United States.

We are thus called upon to determine whether interest paid on bonds of a foreign government or a nonresident corporation, temporarily in the United States by virtue of being pledged as security for a loan, is subject to tax as income within the meaning of the clause, "In the case of nonresident alien individuals, gross income includes only the gross income from sources within the United States." Since the deceased was a nonresident alien, we have left only the question of whether the income accruing to him from such bonds was from "sources within the United States."

The Commissioner contends that these bonds are property; that they have a *situs* within the United States; and that, therefore, the interest paid thereon is from "sources within the United States."

In Webster's New International Dictionary the word "source" is defined as "that from which anything comes forth, regarded as its cause or origin; the first cause." This definition we believe to be the one commonly accepted and used. What then is the source of this interest? The bond is but the evidence of the debt. The bond, in itself, is the source of nothing, since it merely represents. The interest is not paid by the bond. The bond is not subject to suit for the payment of interest and in itself has incurred no obligation to pay. The payment is made by the obligor, it having promised to pay and it being responsible for the payment. It seems clear, therefore, that the obligor is the source of payment; that the interest "comes forth" from it; and that it is the "cause or origin" of the payment.

Counsel for the Commissioner has argued to us that the case of *DeGanay* v. *Lederer*, 250 U. S. 376, supports a contrary conclusion. This contention we have disposed of in the *Appeal of Standard Marine Insurance Co.*, *Ltd.*, 4 B. T. A. 853, where we held that interest received on the bonds of a nonresident, owned by a foreign corporation but held within the United States, was not taxable income. The conclusion there reached is in accord with the decision of the courts.

In the case of *State Tax on Foreign-held Bonds*, 15 Wall. 300, it was said:

The bonds issued by the railroad company in this case are undoubtedly property, but property in the hands of the holders, not property of the obligors. So far as they are held by nonresidents of the State, they are property beyond the jurisdiction of the State.

The sound reasoning behind this statement is equally applicable to bonds held by nonresidents of the United States.

In the case of *Manitowoc Gas Co.* v. *Wisconsin Tax Commission*, 116 Wis. 111; 152 N. W. 848, a set of facts similar to those before us was presented to the Supreme Court of the State of Wisconsin, and the court there held:

It was stated in *Income Tax Cases*, 148 Wis. 456, 503, 134 N. W. 673, 135 N. W. 164, that the Constitution as amended clearly recognizes the idea that the taxation of *property* and the taxation of incomes are two separate and distinct things. In taxes upon property the rule of taxation must be uniform while taxes upon incomes may be graduated and progressive. It may be conceded that, logically and philosophically considered, all taxes are ultimately derived from property or labor and paid in property. But as was said in *Van Dyke* v. *Milwaukee*, 159 Wis. 460, 463, 464, 146 N. W. 812, 150 N. W. 509, philosophical and logical distinctions must yield to the clearly expressed intent of the written law and to the possibility of a practical administration thereof. The Constitution divides the subjects upon which taxes may be levied into two classes, one property, the other incomes, privileges, and occupations. The supreme law of the state having so divided them, and there being nothing in such division contrary to a valid classification or to the federal Constitution, courts must respect the division and administer the law as written. *Income Tax Cases*, 148 Wis. 456, 503, 134 N. W. 673, 135 N. W. 164.

The taxing power of a state does not extend beyond its territorial limits. *Union R. T. Co.* v. *Kentucky*, 199 U. S. 194, 26 Sup. Ct. 36, 50 L. Ed. 150, 4 Ann. Cas. 493. Within such limits it may tax persons, property, incomes, or business. *Tax on Foreign-Held Bonds*, 15 Wall. 300, 21 L. Ed. 179. If the tax be on property it, or its lawfully constituted situs, must be found within the state. If an interest in property is taxed the situs of either the property or interest must be found within the state. If an income be taxed the recipient thereof must have a domicile within the state, or the property or business out of which the income issues must be situated within the state so that the income may be said to have a situs therein. Whether an income may have a situs for taxing purposes different from that of its recipient is not determined. But assuming that it can, did the income in question have a situs in this state?

The bondholders as such were individually sought to be taxed. They were creditors of the relator, and a portion of them resided outside the state. The nonresidents as bondholders owned no property and conducted no business within its borders, and had no domicile here. True, their debt was secured by property within the state, but the situs of the security for a debt is not necessarily the situs of the evidence of the indebtedness. The income tax law does not seek to reach property or an interest in property as such, but to reach incomes having a situs within the state, or growing out of a privilege exercised or occupation conducted within the state. The law levying an income tax upon nonresidents, " upon such income as is derived from sources within the state or within its jurisdiction," must be construed to mean such income as issues directly from property or business located within the state, and not income from loans made therein, though, as here, secured by a trust deed upon property situated within the state. The situs of the property out of which such income issues is that of the domicile of the creditor. *Tax on Foreign-Held Bonds*, 15 Wall. 300, 21 L. Ed. 179. The purchase of a bond is the making of a loan of money to the obligor. The bond represents so much money due from the debtor. The purchase of it does not constitute any business carried on within the state. The situs of a bond remains at the domicile of the bond-

holder. So the interest in question did not, as to nonresident bondholders, constitute an income derived from sources within the state within the meaning of subsection 3, § 1087m, Stats. 1911.

The interest here sought to be taxed was paid by a nonresident corporation to a nonresident alien. It is immaterial that either temporarily or permanently the bond itself was within the jurisdiction of the United States. The income flowed from a source without the United States to a nonresident alien. It is of no consequence that it was routed through the City of Buffalo. The Fidelity Trust Co. of that city was merely a conduit through which the interest passed from one nonresident alien to another, and such interest is clearly not " gross income " within the meaning of the Revenue Act quoted above.

*Judgment will be entered after 15 days'*
*notice, under Rule 50.*