FIRST WISCONSIN TRUST COMPANY, Trustee, Appellant, vs. DEPARTMENT OF TAXATION, Respondent.

*November 4, 1940—March 11, 1941.*

136

For the appellant there were briefs by *Lines, Spooner & Quarles* of Milwaukee, attorneys, and *Herbert Pope* of Chicago, Illinois, and *Maxwell H. Herriott* of Milwaukee of counsel, and oral argument by *Mr. Pope* and *Mr. Herriott.*

For the respondent there were briefs by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

The following opinion was filed December 3, 1940:

FAIRCHILD, J. There was no attempt to revoke or modify the trust agreement at any time during 1936 which would affect the right of the state of Wisconsin to tax income received and retained by the trustee during that year. By the terms of the trust instrument the trustee was required upon the realization of profit from the sale of securities to treat that profit as principal and add it to the corpus of the trust. While the trust was revocable, it was not revoked during the time material to this action, namely, the year 1936. There were no distributions out of capital gains during that time and the trust agreement during 1936 specifically provided that there were to be no distributions of capital gains.

Undoubtedly, the creator of a trust may reserve the right and therefore have the power to revoke a trust. Until that power of revocation is exercised, however, the terms of the trust determine the trustee's rights and responsibilities. From the trust instrument itself must come the indications of ownership by which the taxing authorities are to be guided in determining to whom the income belongs and to whom it is taxable. We agree with the statement in the decision of the tax commission that "a revocable trust is nevertheless operative and absolute until the right of revocation is exercised." *Warsco v. Oshkosh Savings & Trust Co.* 183 Wis. 156, 196 N. W. 829; *Richardson v. Stephenson,* 193 Wis. 89, 213 N. W. 673.

As to the contention that the relation between the settlor of the trust and the trustee is one of agency, it may be said that a trust is not an agency. 2 C. J. p. 425, § 11; 1 Restatement, Trusts, p. 28, § 8. The illustration in the Restatement section cited points out that where extensive direction and control are kept over the trustee, it is *possible* for the trustee to be an agent also. But since no such elements of direction and control over the trustee were retained under the agreement considered, the facts establish the existence of a trust. See also 1 Restatement, Trusts, p. 175, § 57 (2).

A trustee liable for breach of trust should have possession and control. 1 Perry, Trusts and Trustees, p. 574, § 331. Power to revoke does not affect the validity of a trust. It merely makes defeasible the interest of the trustee and *cestui* at the desire of the settlor. 4 Bogert, Trusts and Trustees, p. 2901, § 994. The power must be exercised in accordance with its terms. 4 Bogert, Trusts and Trustees, p. 2908, § 996. Since the power of revocation was not exercised until May 5, 1937, the control remained in the trustee all through 1936, the tax period in question, and the income of 1936 must be taxed in its hands. In 1 Scott, Trusts, p. 225, § 37, it is pointed out that where control is surrendered, even though the power to revoke is retained, it is not reacquired until the power has been exercised.

In the cases cited by appellant we find no doctrine or authority contrary to the conclusion reached by the trial court. The Wisconsin Department of Taxation in levying this assessment complied with the terms of the statute which required it to assess to the trustee "all nondistributable, or contingently distributable income not distributed." Sec. 71.095 (4), Stats.

It appears that the settlor of the trust in establishing the trusteeship relied on a regulation made by the tax commission to the effect that where a power is retained by the settlor of a trust to revest in himself title to any part of the corpus

of the trust "then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor." Under sec. 71.22, Stats., the tax commission is supposed to make rules necessary to carry out the provisions of ch. 71. But the rule in question did not conform to the statute. The legislature did not make any distinction between income from revocable and irrevocable trusts, and no valid ruling on which appellant could rely is applicable here where the capital gains were "nondistributable, or contingently distributable income not distributed." Furthermore, the interested parties were chargeable with knowledge that the legislature enacts the laws and that the tax commission's rulings must comply therewith. Taxes are supposed to be regular and orderly and to be imposed by a rule of proportion intended to insure uniformity of contribution and a just apportionment of the burdens of government, and are to be levied and collected in accordance with the regulations prescribed by the legislature. Nothing prevents the state from taxing the income in the hands of the trustee under such circumstances as exist in this case. *Shaffer v. Carter,* 252 U. S. 37, 40 Sup. Ct. 221, 64 L. Ed. 445; *Travis v. Yale & Towne Mfg. Co.* 252 U. S. 60, 40 Sup. Ct. 228, 64 L. Ed. 460; *State ex rel. Wis. Trust Co. v. Widule,* 164 Wis. 56, 159 N. W. 630.

The contention that the trustee and the settlor cannot both be owners of the same income at the same time is met by the statement that the tax collected from the trustee is not collected against him personally, but in his representative capacity.

It is considered that under a proper construction, the words "contingently distributable income not distributed" as used in sec. 71.095 (4), Stats., include the capital gains involved in this case. A state may tax all income derived from property located within the state. The trustee is re-

quired to report income coming into his hands and is to be taxed upon the income retained by him.

We find no invasion of the appellant's right under the Fourteenth amendment because of the reasons sustaining the right to tax the trustee as set out above.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on March 11, 1941.