BRUNER, Respondent, v. DEPARTMENT OF REVENUE, Appellant.

*No. 301. Argued January 2, 1973.—Decided January 30, 1973.*
(Also reported in 203 N. W. 2d 663.)

For the appellant the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

For the respondent there was a brief by *Philip L. Bruner*, attorney, and *Briggs & Morgan* of counsel, all of Saint Paul, Minnesota, and oral argument by *Mr. Bruner*.

HALLOWS, C. J.  The facts are not in dispute. Henry P. Bruner, a Wisconsin resident, created a revocable trust in which he designated himself as the beneficiary during his lifetime and appointed the Harris Trust & Savings Bank of Chicago, Illinois, as trustee. In 1965, the trust realized capital gains in the amount of $4,659.11 from the sale of stocks, bonds, and securities. These capital gains were retained by the trustee as a part of the trust assets and were not distributed as income. In his 1965 federal income tax return, Henry P. Bruner reported these capital gains pursuant to sec. 676 (a) of the Internal Revenue Code (1954),[1] which required him to report these capital gains as the owner thereof because he had the power to revoke the trust. However, in making his Wisconsin state income tax return for that year he subtracted these capital gains from his reported federal gross income for the reason they were not taxable to him under Wisconsin law. The Wisconsin Department of Revenue disagreed and issued a notice of assessment for additional taxes. Bruner petitioned for an abatement of the additional tax, which was denied by the department and by the tax appeals commission.

The single question is whether capital gains, received by a trustee of a revocable trust administered in Illinois and added to the trust corpus are taxable to the grantor of the trust by the state of Wisconsin because he is a Wisconsin resident.

---

[1] "Sec. 676.  **Power to revoke.**

"(a)  **General rule.**—The grantor shall be treated as the owner of any portion of a trust, whether or not he is treated as such owner under any other provision of this part, where at any time the power to revest in the grantor title to such portion is exercisable by the grantor or a nonadverse party, or both."

In 1965, Wisconsin's tax structure was simplified in an attempt to bring it in closer conformity to the federal law and to attain this result, adjustments were provided to recognize the differences and the discrepancies in the two tax structures and the limitations upon Wisconsin's power to tax. The Wisconsin statute, sec. 71.02 (2) (e),[2] then provided that the Wisconsin adjusted gross income was the federal adjusted gross income with the modifications provided in sec. 71.05 (1). The modification in sec. 71.05 (1) (b) 3, Stats. 1965,[3] allows the net income, which is not allocated or apportioned to Wisconsin under sec. 71.07, to be deducted from the federal adjusted gross income to arrive at the Wisconsin adjusted gross income.

To determine whether trust income is allocated to Wisconsin, sec. 71.07 (1), Stats. 1969,[4] which deals with the situs of income, provides that all income from stocks, bonds, and securities, or from the sale of similar intangible personal property, shall follow the residence of the recipient except as provided in sec. 71.07 (7). Pick-

---

[2] "71.02 Definitions. . .

"(2) DEFINITIONS APPLICABLE TO NATURAL PERSONS AND FIDUCIARIES. As used in this chapter: . . .

"(e) 'Wisconsin adjusted gross income' means federal adjusted gross income, with the modifications prescribed in s. 71.05 (1) . . . ."

[3] "71.05 Modifications, transitional adjustments and election of deductions for natural persons and fiduciaries. (1) MODIFICATIONS. The modifications referred to in s. 71.02 (2) (c) and (e) are: . . .

"(b) Subtract, to the extent included in federal taxable or adjusted gross income: . . .

"3. Net income not allocated or apportioned to this state under s. 71.07."

[4] "71.07 Situs of income; allocation and apportionment. (1) For the purposes of taxation income or loss from business . . . shall follow the situs of the business from which derived. . . All other income or loss, including . . . income or loss derived from land contracts, mortgages, stocks, bonds and securities or from the sale of similar intangible personal property, shall follow the residence of the recipient, except as provided in s. 71.07 (7). . . ."

ing our way through this labyrinthian statutory pattern, we find in sub. (7) (b) of this section [5] that a trust estate is considered a resident at the place where the trust estate is administered. In *Department of Taxation v. Pabst* (1961), 15 Wis. 2d 195, 112 N. W. 2d 161, this court held a trust was administered outside of Wisconsin within the meaning of sec. 71.08 (8) when the trustees were nonresidents and the important decisions of trust management occurred outside Wisconsin. This decision found its way into sec. 71.07 (7) in 1965.

We think Bruner was correct when he subtracted the $4,659.11 capital gains as income not allocated to Wisconsin because the trust was the recipient of the income and considered an Illinois resident.

However, the department contends the term "recipient" as used in sec. 71.07 (1), Stats., receives its meaning from the federal law as a result of the 1965 amendments to the Wisconsin income tax laws and because the undistributed trust income is taxable under the federal law to the settlor, it is also so taxable under the state law. It it further argued if this result is not reached, then this income would go untaxed. Such a result is not a justification to find in the statute an intent to tax which is not there. To validate this argument, we would be required to hold that sec. 71.07 (7) (b) is applicable only to irrevocable trusts and not to revocable trusts. The department relies on sec. 71.07 (7) (c) for the proposition that only irrevocable trusts are embraced in sub. (b) because sub. (c) provides the situs of income derived by a taxpayer as a beneficiary of a trust is to be determined

---

[5] "71.07 . . .

"(7) For purposes of determining the situs of income under this section:

". . .

"(b) A trust estate created by will, contract, declaration of trust or implication of law shall be considered resident at the place where the trust estate is being administered."

"as if such income had been received without the intervention of a fiduciary." This view is based on the premise a settlor of a revocable trust, who is also the beneficiary, is in fact the beneficiary of undistributed income because he has the power to receive the income by terminating the trust.

Such an interpretation of the statutes would overlook prior interpretations of sec. 1087m–2 2 (b) and 3, Stats. 1917, a predecessor section 71.07. These decisions made no distinction between revocable and irrevocable trusts in construing the residence of the recipient. Prior to 1965 the situs of trust income was the "residence of the recipient," the same language as is used in the 1965 statutes. This court held a trustee was the legal recipient of income paid to the trust and was to be taxed rather than the beneficiary of the trust. *State ex rel. Wisconsin Trust Co. v. Widule* (1916), 164 Wis. 56, 159 N. W. 630; *State ex rel. Wisconsin Trust Co. v. Phelps* (1920), 172 Wis. 147, 176 N. W. 863, 178 N. W. 471. Neither then nor now does ch. 71 expressly make a distinction between revocable and irrevocable trusts in respect to situs of income. In *First Wisconsin Trust Co. v. Department of Taxation* (1941), 237 Wis. 135, 294 N. W. 868, this court rejected an attempt by the trustee of a revocable trust to distinguish a revocable trust from an irrevocable one so as to exclude it from paying a tax on trust income. The court pointed out the power in the settlor to revoke did not affect the validity of the trust but merely made defeasible the interest of the trustee and the beneficiary at the will of the settlor and as long as the power was unexercised, the trustee as the recipient of the income was liable for income taxes. *See First Wisconsin Trust Co. v. Department of Taxation, supra,* at page 139; *Richardson v. Stephenson* (1927), 193 Wis. 89, 213 N. W. 673, 52 A. L. R. 681; *Warsco v. Oshkosh Savings & Trust Co.* (1924), 183 Wis. 156, 196 N. W. 829.

We find no merit in the argument that because sec. 71.07, Stats., and related subsections were repealed and re-created as part of a federally oriented revision of the state tax laws of 1965, all the prior interpretations of this section were thereby overruled and a new interpretation of this section was acquired by association or reference to the federal revenue code. If this were the intent of the legislature, it failed to express it in ch. 71; the mere repeal and re-enactment of substantially the same section does not overrule the prior court interpretations. The interpretation contended for by the state would raise some constitutional questions in respect to the state's power to tax income derived from sources beyond its borders.

The department argues the rule of strict construction of statutes providing for deductions from gross income is applicable. We believe not. The subtraction from the federal adjusted gross income of income not allocated to this state is not a "deduction" from gross income as that term is used in tax law and is expressly stated by the statute to be a "modification" used to arrive at the Wisconsin gross income as such. Deductions come later in the tax computation. Sec. 71.05 (1) (b) 3, Stats., goes to the jurisdiction of the state to tax. *Gould v. Gould* (1917), 245 U. S. 151, 38 Sup. Ct. 53, 62 L. Ed. 211; *see National Amusement Co. v. Department of Revenue* (1969), 41 Wis. 2d 261, 163 N. W. 2d 625; *United States v. Merriam* (1923), 263 U. S. 179, 44 Sup. Ct. 69, 68 L. Ed. 240.

Nor do we find any merit in the constructive-receipt doctrine. This doctrine applies only where the settlor retains complete control over the administration of the trust as distinguished from the power to revoke the trust. Here, Bruner vested the complete administration of the trust in an Illinois trustee. *See First Wisconsin Trust Co. v. Department of Taxation, supra; Drysdale*

*v. Commissioner of Internal Revenue* (6th Cir. 1960), 277 Fed. 2d 413; *First Trust Co. of Saint Paul v. United States* (D. C. Minn. 1970), 321 Fed. Supp. 1025. Likewise, sec. 71.07 (7) (c), Stats., may not be relied upon. This section relates to income of beneficiaries, not grantors, and Bruner is not a beneficiary until he receives the income from the trustee.

*By the Court.*—Judgment affirmed.