STATE EX REL. BODDENHAGEN, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant, and another, Respondent.

*October 27—November 14, 1916.*

*Statutes: Special law: Repeal by general act: Conflict: Viaducts: Duty of railway company to "maintain:" Rebuilding.*

1. Where there are two affirmative statutes on the same subject, one will not repeal the other if both can stand together.

2. Ch. 51, Laws 1878, requiring the defendant railway company to erect and maintain a certain viaduct or bridge in Milwaukee county carrying a highway over its tracks, was not repealed by sec. 1797—12e, Stats. (Laws 1909, ch. 540), relating to railroad highway crossings, nor by sec. 2 of said ch. 540, expressly repealing conflicting acts,—the act of 1878 not conflicting in any way with the act of 1909 or with the exclusive exercise of the jurisdiction conferred by the latter act upon the railroad commission.

[3. Whether upon the passage of ch. 51, Laws 1878, a cause of action accrued in favor of Milwaukee county and every member of the public affected thereby against the defendant to compel the maintenance of the viaduct after its erection, which cause of action, since it existed prior to the passage of ch. 540, Laws 1909, could not be abrogated even if said ch. 540 operated to repeal the act of 1878, is not decided.]

4. The defendant railway company being required by ch. 51, Laws 1878, to "erect and maintain" the viaduct in question, the fact that it was wrongfully broken down by the negligence of a person who ran a steam shovel over it is immaterial so far as the duty of defendant to maintain it is concerned.

5. The word "maintain," with reference to a viaduct, includes keeping up, preserving, and rebuilding in case of destruction.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action of *mandamus* to compel appellant, *Chicago, Milwaukee & St. Paul Railway Company,* to rebuild so much of a bridge or viaduct built under ch. 51, Laws 1878, as carried the Blue Mound road in Milwaukee county over appellant's

railroad. The action was originally brought against the railway company and afterwards the county of *Milwaukee* was made a party defendant.

Findings and conclusions in favor of petitioner were made in the circuit court to the effect that the said petitioner was entitled to recover and that the defendant *Milwaukee County* was entitled to maintain its cross-complaint against the defendant *Chicago, Milwaukee & St. Paul Railway Company* to compel it to restore the viaduct over its tracks and to maintain the same in accordance with the provisions of ch. 51, Laws 1878.

The *Chicago, Milwaukee & St. Paul Railway Company* appealed to this court and assigns error (1) in holding that ch. 51, Laws 1878, was not repealed by sec. 1797—12e, Stats., and (2) that the court erred in holding that ch. 51, Laws 1878, applied to appellant after the viaduct was broken down by negligence on the part of a member of the public.

For the appellant there were briefs by *C. H. Van Alstine* and *H. J. Killilea,* and oral argument by *Mr. Killilea.*

For the respondent *Boddenhagen* there was a brief by *O. W. Bow* and *Lenicheck, Robinson, Fairchild & Boesel,* and oral argument by *Mr. Bow.*

For the respondent *Milwaukee County* there was a brief by *Winfred C. Zabel,* district attorney, and *William L. Tibbs* and *Daniel W. Sullivan,* assistant district attorneys, and oral argument by *Mr. Sullivan.*

KERWIN, J. 1. Ch. 51, Laws 1878, required the appellant to "erect and maintain" the viaduct or bridge in question at the crossing of the Milwaukee and Blue Mound road, commonly called Spring street road, over its tracks, said road at said point being a county road. The respondent *Milwaukee County* was required by the terms of said ch. 51, Laws 1878, to cause to be constructed and erected during the year 1878 a suitable and convenient approach to the viaduct as

specified in the act, connecting said viaduct approach with the said bridge and cause the highway to be opened and improved and levy a tax sufficient to pay the county's portion of the costs and damages of the improvement mentioned in said act.

The court below found upon sufficient evidence that both the *Chicago, Milwaukee & St. Paul Railway Company* and the county of *Milwaukee* complied with said ch. 51, Laws 1878, and built a viaduct and approaches thereto as provided in said law and maintained the same until July, 1912; that in July, 1912, the western portion of said viaduct was broken down by the weight of a steam shovel which was being drawn across it; that thereafter said railway company removed the broken parts of said viaduct and has since refused to replace or maintain the same and by reason thereof said road was rendered impassable; that the county of *Milwaukee,* as required by ch. 51, Laws 1878, at large expense duly raised the grade of said road to conform to the grade of said bridge or viaduct and constructed and erected approaches to said bridge as required by said act, and at the time of the breaking of said bridge the county of *Milwaukee* was maintaining suitable approaches to said bridge or viaduct in accordance with said ch. 51, which approaches had been maintained by said county since the construction thereof, and said county has been ready and willing at all times to maintain the same as required by said act; that said road has been rendered impassable and dangerous by reason of the failure of said railway company to maintain the portion of said bridge which it is required by said act to maintain; that said road is a county highway and required to be repaired and maintained at the expense of the county; that public safety requires that the bridge or viaduct across the right of way of said railway company through the Menomonee valley and the approaches thereto be restored and maintained in conformity with ch. 51, Laws 1878.

The contention that sec. 1797—12*e,* Stats., repeals ch. 51, Laws 1878, we think cannot be sustained. These statutes are not repugnant and there is no specific repeal of said ch. 51. True, sec. 1797—12*e* came into existence by ch. 540, Laws 1909, sec. 2 of which provides that "All acts or parts of acts conflicting with the provisions of this act or with section 1792—12*d,* or with the exclusive exercise of the jurisdiction herein and hereby conferred, or conferred by section 1797—12*d,* are hereby repealed."

Counsel for appellant relies strongly upon *Milwaukee v. Railroad Comm.* 162 Wis. 127, 155 N. W. 948. It was held in that case that ch. 540, Laws 1909, operated to amend all previous provisions on the subject in city charters, railroad charters, or general statutes of the state. There is no conflict between ch. 540, Laws 1909, and ch. 51, Laws 1878. Nor does said ch. 51 in any manner conflict with the exclusive exercise of the jurisdiction conferred by ch. 540, Laws 1909. The repealing clause before cited only repeals conflicting provisions. Moreover, sec. 4987, Stats., provides that no general provisions of the statutes shall be construed to repeal any special acts relating to particular counties, towns, cities, or villages unless such special acts are enumerated in the acts repealed.

This court has repeatedly ruled that where there are two affirmative statutes on the same subject, one will not repeal the other if both can stand together. *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co.* 144 Wis. 386, 395, 129 N. W. 623, and cases cited.

It is also insisted by counsel for respondents as a further ground for affirmance that upon the passage of ch. 51, Laws 1878, a cause of action accrued in favor of *Milwaukee County* and every member of the public affected thereby against the railroad company to compel the maintenance of the viaduct after its erection, and that this cause of action existing prior to the passage of ch. 540, Laws 1909 (sec.

1797—12e, Stats.), could not be abrogated even if said ch. 540 operated to repeal ch. 51, citing sec. 4974, Stats., and *Superior v. Roemer,* 154 Wis. 345, 141 N. W. 250. Whether this contention is well made or not we need not decide, because we are convinced that said ch. 51 was not repealed.

2. The contention under the second assignment of error to the effect that ch. 51 does not apply to the viaduct after it was broken down by negligence of a member of the public, cannot be sustained. Whether the viaduct was wrongfully broken down by a person who ran a steam shovel over it or not is immaterial so far as the duty of the railway company to maintain the viaduct is concerned. The railway company assumed the obligation to erect and maintain the viaduct. The word "maintain" has a well defined meaning and includes keeping up, preserving, and rebuilding in case of destruction. *Benson v. New York,* 10 Barb. 223; *Kendrick & Roberts v. Warren Bros. Co.* 110 Md. 47, 72 Atl. 461; *Louisville & N. R. Co. v. U. S. I. Co.* 118 Tenn. 194, 101 S. W. 414. We are satisfied that the judgment below is right and should be affirmed.

*By the Court.*—Judgment affirmed.