WILLIAM LEITSCH, Corporation Counsel, Columbia County
You have inquired whether the clerk of court for Columbia County can retain for his personal use the $2 application for United States passport fee, where the county board has provided that he be compensated by annual salary in lieu of all fees and has by resolution provided that all fees collected by him shall be remitted to the county and become the property of the county. *Page 40 
I am of the opinion that, unless the resolution referred to the passport fees and specifically permitted the official to retain them for his personal use, such fees are "fees authorized by law appertaining tohis office" and must be remitted to the county.
Section 59.15 (1) (a) and (b), Stats., provides in part:
"(a) * * * The annual compensation may be established by resolution or ordinance, on a basis of straight salary, fees, or part salary and part fees, and if the compensation established is a salary, or part salary and part fees, it shall be in lieu of all fees, including per diem and other forms of compensation for services rendered, except those specifically reserved to the officer in such resolution or ordinance. The compensation established shall not be increased nor diminished during the officer's term and shall remain for ensuing terms unless changed by the board.
"(b) Any officer authorized or required to collect fees appertaining to his office shall keep a complete record of all fees received in the form prescribed by the board and shall file a record of the total annual receipts in the clerk's office within 20 days of the close of the calendar year or at such other times as the board requires. Any officer on a salary basis or part fees and part salary shall collect all fees authorized by law appertaining to his office and shall remit all fees not specifically reserved to him by enumeration in the compensation established by the board pursuant to par. (a) to the treasurer at the end of each month unless a shorter period for remittance is otherwise provided."
The Wisconsin Statutes do not specifically provide in secs. 59.39 or 59.395 or other statute that the clerk of circuit court shall process passport application papers, nor is a specific fee set forth in sec. 59.42, Stats. However, sec. 59.395 (7), Stats., provides that the clerk of circuit court shall:
"(7) Perform such other duties as required by law."
If the officer has authority or a duty to process applications for passports, it is at least in part based on federal law. *Page 41 
22 U.S.C.A., § 214, as amended July 26, 1968, by Public Law 90-428, § 2, 82 Stat. 446, provides in part:
"There shall be collected and paid into the Treasury of the United States quarterly a fee of $2 for executing each application for a passport and $10 for each passport issued: Provided, that nothing herein contained shall be construed to limit the right of the Secretary of State by regulation to authorize State officials to collect and retain the execution fee of $2. * * *"
The Secretary of State of the United States has promulgated regulations which include the following:
22 CFR, § 51.21 (b), provides:
"(b) Persons authorized and empowered by the Secretary to administeroaths. The following persons are hereby authorized and empowered by the Secretary to administer oaths for passport purposes:
"(1) A Passport Agent.
"(2) A clerk of a Federal or State court authorized to naturalize aliens.
"(3) A diplomatic or consular officer of the United States abroad.
"(4) Any other persons specifically designated by the Secretary."
22 CFR, § 51.61 provides:
"Except as provided in § 51.63, (a) the fee for a U.S. passport is $10; (b) the execution fee for a U.S. passport is $2, which shall be remitted to the U.S. Treasury where an application is executed before a Federal official but which may be collected and retained by any State official before whom an application is executed; (c) the passport fee of $10 shall be paid by all applicants for a passport. The execution fee of $2 shall be paid only when an application is executed under oath or affirmation before an official designated by the Secretary for such purpose."
8 U.S.C.A., § 1421 (a) provides: *Page 42 
"Exclusive jurisdiction to naturalize persons as citizens of the United States is conferred upon the following specified courts: District courts of the United States now existing, or which may hereafter be established by Congress in any State, District Court of the United States for the District of Columbia and for Puerto Rico, the District Court of the Virgin Islands of the United States, and the District Court of Guam; also all courts of record in any State or Territory now existing, or which may hereafter be created, having a seal, a clerk, and jurisdiction in actions at law or equity, or law and equity, in which the amount in controversy is unlimited. The jurisdiction of all the courts herein specified to naturalize persons shall extend only to such persons resident within the respective jurisdiction of such courts, except as otherwise specifically provided in this subchapter."
While jurisdiction to naturalize has been granted state circuit courts by federal statute, sec. 252.065, Stats., provides that the counties of Wisconsin shall comprise one district and that for purposes of venue the legislature has divided the counties into 16 groups and has provided that "the office of clerk of circuit court located in the cities designated thereunder shall be the place for filing the petitions for naturalization for residents of that district."
For the purposes of this opinion, it is assumed that the clerk of circuit court of Columbia County is the clerk of a court authorized to naturalize citizens.
In Barron County v. Beckwith (1910), 142 Wis. 519, 124 N.W. 1030, it was stated that circuit courts of this state have jurisdictions to naturalize aliens and that the services of the clerk of court therein are performed in his official capacity. The case held that the act of Congress, providing that clerks of state courts may retain one-half of the fees collected in naturalization proceedings, does not permit the clerk to retain such fees as against the county where the county board has provided that he serve on a salary basis and required him to remit all fees received in his official capacity to the county.
For the purposes of this opinion, we need not determine whether the clerk of circuit court is required by law to *Page 43 
process passport applications. The federal law grants such clerk authority to act, and authority is granted in his official capacity. 22 CFR, § 51.21 (b) (2).
22 CFR, § 51.61, provides that the $2 execution fee "may be collected and retained by any state official before whom an application is executed."
It is a fee which he can collect only because of his official capacity. It is a fee "authorized by law appertaining to his office" within the meaning of sec. 59.15 (1) (b), Stats., and under the facts stated must be remitted to the county treasury.
RWW:RJV