Leonard BANASZAK, Edward Banaszak, Richard Banaszak and Delores Lange, Plaintiffs-Respondents,

v.

Lillian BANASZAK, Defendant-Appellant, COUNTY OF MILWAUKEE and Catholic Family Life Insurance, Defendants.

Court of Appeals

*No. 86–0506. Submitted on briefs July 16, 1986—Decided September 12, 1986.*

(Also reported in 395 N.W.2d 614.)

358

For the plaintiffs-respondents the cause was submitted on the briefs of *Neal C. Schellinger* of *Schellinger & Doyle, S.C.*, of Brookfield.

For the defendant-appellant the cause was submitted on the briefs of *Jerome A. Tepper*, of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

SULLIVAN, J.   Lillian Banaszak (Lillian) appeals from a judgment that awarded money to the children of Leonard Banaszak, Sr. (the children) and granted an injunction requiring Lillian to maintain certain real property by paying insurance premiums and eighty-five percent of the interest on an encumbrance against the property.[1] The judgment was granted on the children's motion for summary judgment. Because we conclude that Lillian is obligated to pay the interest on the encumbrance but is not obligated to insure the property, we modify the judgment of the circuit court and, as modified, affirm in part and reverse in part.

By virtue of a prenuptial agreement with Leonard Banaszak, Sr. (Leonard), Lillian renounced her dower interest in Leonard's estate in exchange for a life estate in their homestead. The remainder interest is owned by the children. According to the terms of the prenuptial agreement, which did not become effective until Leonard's death, the life estate was conditioned upon Lillian's maintaining the property and paying the real estate taxes.

---

[1] In accordance with this court's order of April 29, 1986, this case was decided pursuant to the court's expedited appeals program.

■

Lillian argues that there are unanswered questions which make the granting of summary judgment improper. Summary judgment should be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Section 802.08(2), Stats. In deciding summary judgment issues, an appellate court follows the same methodology as the trial court. *In re Cherokee Park Plat*, 113 Wis. 2d 112, 115-16, 334 N.W.2d 580, 582 (Ct. App. 1983). Because the unanswered questions listed in Lillian's brief are not material to the issues in this case, summary judgment was proper.

■

Lillian contends that she is not obligated to pay the interest on the mortgage obligation because the children mortgaged the property to pay a debt for which she is not liable. Her analysis is incorrect. The property was mortgaged, with court approval, by Leonard's guardian to pay Leonard's medical expenses. Merely because one of the children was the guardian does not change the fact that either Leonard or his estate, not the children, was obligated to pay the loan. Because the mortgage encumbered the property before the life estate was created, the life tenant is required by law to pay the interest unless the instrument creating the life estate reflects a contrary intent. *McLean v. McLean*, 184 Wis. 495, 499-500, 199 N.W. 459, 461 (1924); 4A G. Thompson, *Commentaries on the Modern Law of Real Property* sec. 1901 (J. Grimes repl. 1979). Because the prenuptial agreement does not specifically excuse Lillian from the duties of a life tenant, we conclude that Lillian is obligated to reimburse the children for past interest pay-

ments and to pay future interest payments attributable to the property subject to her life estate.[2]

Lillian also contends that she should not be obligated to reimburse the children for amounts spent insuring the property or to pay future insurance premiums. No Wisconsin court has addressed this issue specifically. The general rule is that, in the absence of an express or implied provision in the creating instrument, a life tenant is under no duty to insure the property. 4 L. Simes & A. Smith, *The Law of Future Interests* sec. 1695 (2nd ed. 1956). In a case involving an accounting between a widow who had dower and homestead rights and a decedent's estate, the supreme court limited charges for insurance to the reasonable cost of her insurable interest, i.e., the value of the life estate in the property. *Ludington v. Patton*, 121 Wis. 649, 655–56, 99 N.W. 614, 616 (1904). Although our supreme court has said that the failure to pay the cost of insurance was waste, *Winkler v. Magdeburg*, 100 Wis. 421, 430, 76 N.W. 332, 335 (1898), the court was reviewing the propriety of the appointment of a receiver in a mortgage foreclosure case, and the case is not on point.

The instrument creating a life estate may impose a duty to insure on the life tenant. The prenuptial agreement conditions Lillian's life estate on maintenance of the property and payment of real estate taxes. Construction of an unambiguous contract is a question of law which this court determines independent of the trial

---

[2] The mortgage also encumbers a vacant lot in which Lillian does not have an interest. The trial court found that the value of the property subject to Lillian's life estate was eighty-five percent of the value of the total mortgaged property.

court's decision. *Reserve Life Insurance Co. v. La Follette*, 108 Wis. 2d 637, 645–46, 323 N.W.2d 173, 177 (Ct. App. 1982). We conclude that the contract is not ambiguous. The word "maintain" has a well-defined meaning and includes "keeping up, preserving, and rebuilding in case of destruction." *State ex rel. Boddenhagen v. Chicago, Milwaukee and St. Paul Railway*, 164 Wis. 304, 308, 159 N.W. 919, 921 (1916) (citations omitted). While insurance is one means to finance rebuilding costs, it is not maintenance. Insurance is a means of risk allocation, and the life tenant may choose to risk having to finance rebuilding the structure from her own assets.

The money judgment entered against Lillian provided reimbursement of both interest and insurance. Accordingly, we modify the money judgment and reduce it to $6,434.80 plus costs of $225.06. We uphold the injunction insofar as it requires Lillian to pay eighty-five percent of the interest on the mortgage. We reverse that portion of the injunction requiring Lillian to pay future insurance premiums.

*By the Court.*—Judgment modified and, as modified, affirmed in part and reversed in part.