MOBIL OIL CORPORATION, a New York corporation, Plaintiff-Appellant,†

v.

Michael W. LEY, Secretary of the Wisconsin Department of Revenue, Defendant-Respondent.

Court of Appeals

*No. 86–1221. Submitted on briefs September 3, 1987.—Decided October 27, 1987.*

(Also reported in 416 N.W.2d 680.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For plaintiff-appellant there were briefs by *Jack R. DeWitt* of *DeWitt, Porter, Huggett, Schumacher & Morgan, S.C.*, Madison; and *Malcolm Andresen* and *William H. Pratt*, New York, New York.

For defendant-respondent there were briefs by *Bronson C. La Follette*, attorney general, and *John C. Murphy*, assistant attorney general, Madison.

For Wisconsin League of Financial Institutions, Ltd., there was an amicus curiae brief by *Robert A. Schnur* of *Michael, Best & Friedrich*, Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Mobil Oil Corporation appeals a summary judgment granted to Michael Ley in its suit by seeking a declaratory judgment that the Wisconsin corporate franchise tax is unconstitutional. The issue is whether the constitutional restrictions on the income tax under art. VIII, sec. 1, of the Wisconsin Constitution apply to the Wisconsin corporate franchise tax measured by a corporation's net income. We conclude that the state is empowered to levy a corporate franchise tax measured on net income without regard to the Wisconsin constitutional restrictions imposed on the income tax. Therefore, we affirm.

Mobil Oil Corporation (hereinafter "Mobil") is an integrated interstate New York corporation authorized to do business in Wisconsin. It is engaged in the production and marketing of crude oil and natural gas, and the refining and marketing of petroleum and chemical products. Mobil competes in Wisconsin in the marketing of crude oil and petroleum products.

As a domestic oil producer, Mobil is required to pay the federal windfall profit tax as set forth in the Crude Oil Windfall Profit Tax Act of 1980, Pub. L. No. 96–223, sec. 101(a)(1), 94 Stat. 229 (1980), 26 U.S.C., secs. 4986–4998. The federal government enacted the windfall profit tax in response to President Carter's domestic oil price control program. Essentially, the windfall profit tax levies a tax on the difference between the current sales price of crude oil at the field and the price of oil as controlled in the 1979 federal energy pricing regulations with adjustments allowed for inflation and state severance taxes. *See* 26 U.S.C., secs. 4988(a), (c); 4989(a), (b); and 4996(c). The tax is imposed at the time the crude oil is removed from the wellhead.

Wisconsin levies an annual franchise tax on all corporations doing business in the state. Section 71.01(2), Stats. This tax is measured by the corporation's entire net income of the preceding year. *Id.* A corporation's "net income" is defined as "'gross income' less allowable deductions." Section 71.02(1)(c), Stats. In 1981, the Wisconsin legislature enacted sec. 71.04(3), Stats., which provides that a corporation may not deduct the windfall profit tax in calculating net income for the purpose of determining the corporate franchise tax.

At trial, Mobil challenged the constitutionality of sec. 71.04(3), alleging numerous constitutional defects in the state's denial of the windfall profit tax deduction. The trial court granted Ley summary judgment on all grounds. On appeal, Mobil challenges only that portion of the trial court's decision holding that sec. 71.04(3) does not violate art. VIII, sec. 1, of the Wisconsin Constitution.

When reviewing a summary judgment, we apply the same methodology as the trial court. *Banaszak v. Banaszak,* 133 Wis. 2d 358, 361, 395 N.W.2d 614, 615 (Ct. App. 1986). This methodology has been described many times and we need not repeat it. *See, e.g., Preloznik v. City of Madison,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983). We review the constitutionality of a statute without deference to the trial court's determination. *Bachowski v. Salamone,* 139 Wis. 2d 397, 404, 407 N.W.2d 533, 536 (1987).

Mobil contends that the Wisconsin Constitution requires that an income tax may be assessed only on profit or gain and not against capital or gross receipts. Mobil argues that these restrictions on income tax apply to the Wisconsin corporate franchise tax be-

cause that tax is measured in the same manner as an income tax.

Mobil also contends that the windfall profit tax, which is paid by the producer at the wellhead at the time crude oil is produced, is invested capital and a cost of Mobil's production of crude oil. It asserts that this cost is then added to inventory and, when the crude oil is sold, becomes part of Mobil's cost of goods sold, which must be offset against gross receipts to determine the net income.

Mobil argues that by refusing to allow the windfall profit tax deductions under sec. 71.04(3), the Wisconsin legislature is taxing income that is not profit. It concludes that unless an offset against gross receipts is permitted or Mobil is allowed to deduct the windfall profit tax from gross income to calculate net income, the state is taxing Mobil's capital or property contrary to art. VIII, sec. 1, of the Wisconsin Constitution.

We begin our analysis by examining art. VIII, sec. 1, of the Wisconsin Constitution which provides in relevant part:

> Taxes may also be imposed on incomes, privileges and occupations, which taxes may be graduated and progressive, and reasonable exemptions may be provided.

In *State ex rel. Wisconsin Trust Co. v. Widule,* 164 Wis. 56, 159 N.W. 630 (1916), the supreme court construed the term "incomes" used in the Constitution as "the profit or gain derived from capital or labor or from both combined." *Id.* at 61, 159 N.W. at 632. This definition was the basis upon which the court in subsequent cases determined that the tax could be levied only upon "income" and that without income

no tax could be levied. *See, e.g., Falk v. Wisconsin Tax Comm'n,* 201 Wis. 292, 293–94, 230 N.W. 64, 64–65 (1930).

However, the legislature's constitutional authority for imposing the corporate franchise tax on Mobil did not arise from the term "incomes" in art. VIII, sec. 1, but rather from the term "privileges." The right of a foreign corporation to do business in a state is a privilege that may subject the corporation to a tax on the privilege of doing business within the boundaries of that state. *Ford Motor Co. v. Beauchamp,* 308 U.S. 331, 334 (1939). The Wisconsin legislature has seen fit to create a tax on this privilege by enacting the corporate franchise tax. Section 71.01(2), Stats.

Because the legislature's authority to impose a corporate franchise tax arises under the term "privilege," the legislature has wide discretion in determining the measure of the corporate franchise tax. Under the terms of art. VIII, sec. 1, the legislature is permitted to determine the exemptions of the tax limited only by the requirement that they be reasonable.[1] However, the amendment articulates no express limitation on the calculation method of those taxes imposed on privileges.

Therefore, we conclude that the Wisconsin legislature was within its discretion to measure the corporate franchise tax by the corporation's net income without deducting the windfall profit tax. The legislature was not required to adopt the method as suggest-

---

[1] The issue of reasonableness is not raised and, therefore, we do not address it.

ed by Mobil in calculating the franchise tax, nor was it required to include any specific exemptions.[2]

This conclusion is in accord with other jurisdictions that, although interpreting somewhat different language, have allowed wide discretion in state legislatures' use of franchise and excise taxing power. In *Great Lakes Pipe Line Co. v. Commissioner of Taxation,* 138 N.W.2d 612 (Minn. 1965), the Minnesota Supreme Court addressed the issue of whether the state statute imposing a corporate franchise tax measured by a certain percentage of net income violated the fourteenth amendment. *Id.* at 615. In determining that the calculation was constitutional, the court reiterated:

> [A] state may tax any privilege extended by it and may adopt any reasonable rule for the measurement of such tax ....

*Id.* at 618.

The Massachusetts Court reached a similar conclusion. *Commissioner of Revenue v. Massachusetts Life Ins. Co.,* 428 N.E.2d 297 (Mass. 1981). After determining that the tax was an excise tax imposed on insurance companies for the privilege of doing business in the state, the court concluded:

> The only limitation upon the Legislature's use of its excise taxing power is that the tax be reasonable. 'States are permitted to make fair approximations of the value of ... privileges in imposing excises' ....

---

[2]There may be other constitutional constraints on the legislature regarding the measure of the corporate franchise tax. However, no other constitutional infirmity issues have been advanced, and we need not address them.

*Id.* at 302 (quoting *Springfield Ins. Co. v. State Tax Comm'n,* 174 N.E.2d 455 (1961)) (citation omitted).

Mobil also argues that because net income has been selected as the method by which the amount of the tax is calculated, all constraints on the legislature in imposing an income tax apply to the corporate franchise tax as well. It contends that one looks to the natural and reasonable effect of the tax, not to the language in which the legislature frames the statute. *State v. J.C. Penney Co.,* 311 U.S. 435, 443 (1940). Mobil presents an historical argument that the Wisconsin corporate franchise tax was adopted solely to allow the state to recover interest on certain federal obligations that could not be recovered by the direct levy of an income tax.

Notwithstanding the possible merits of this argument, the tax levied remains a franchise tax calculated by net income as defined by the legislature, not a direct tax on income. We agree with the trial court that the case law clearly establishes the legal distinction between a corporate franchise tax levied *on* the income earned by the corporation and a nondiscriminatory corporate franchise tax measured *by* the income of the corporation. *Educational Films Corp. v. Ward,* 282 U.S. 379 (1931); *Reuben L. Anderson-Cherne, Inc. v. Commissioner of Taxation,* 226 N.W.2d 611 (Minn. 1975).

In *Educational Films,* 282 U.S. at 385, the United States Supreme Court upheld a New York tax law that levied an annual tax on every domestic corporation of certain classes "for the privilege of exercising its franchise in this state in a corporate or organized capacity." In that case, the state law levied a franchise tax on income from the preceding year including in its tax base royalties on copyrights that were federal

instrumentalities. *Id.* at 386. Educational Films contended that the state's franchise tax was nothing more than a tax on income and thus fell within the category of taxes that could not be directly imposed on federal instrumentalities. *Id.* The court disagreed, stating:

> [W]e cannot say that the rule applied by this court for some seventy years, that a nondiscriminatory tax upon corporate franchises is valid, notwithstanding the inclusion of tax exempt property or income in the measure of it, has failed of its purpose ....

*Id.* at 392.

Similarly, in a more recent case, the Minnesota Supreme Court held that the state's corporate franchise tax, which was measured by net income, was not an income tax. *Reuben L. Anderson-Cherne,* 226 N.W.2d at 615. When concluding that the state tax was a corporate franchise tax, the court stated:

> The United States Supreme Court has stated that the general rule that a tax is a franchise tax rather than an income tax if it requires the earning of the income and the exercising of the privilege of doing business in corporate form coincide before imposing tax liability.

*Id.* at 614–15.

█

We conclude from these cases that the Wisconsin corporate franchise tax is not an income tax. The Wisconsin franchise tax is only levied when the corporation is exercising the privilege of doing business in Wisconsin.

Furthermore, Mobil's argument that a tax, which looks and operates like an income tax, is by necessity an income tax, misses the issue. Clearly, the state is taxing the income of the corporation by levying the corporate franchise tax. Section 71.01(2), Stats. However, the issue is not whether the corporate franchise tax is a tax on income, but whether the constraints on the legislature's power to levy an income tax apply to a corporate franchise tax measured by income. We conclude that the limitations on the legislature's ability to tax income do not apply to the corporate franchise tax. Accordingly, the Wisconsin corporate franchise tax calculated by net income without credit for the windfall profit tax paid does not violate art. VIII, sec. 1, of the Wisconsin Constitution authorizing the legislature to tax "privileges."

*By the Court.*—Order affirmed.