Mr. Kenneth Bukowski Corporation Counsel Brown County Courthouse Post Office Box 23600 Green Bay, Wisconsin 54305-3600
Dear Mr. Bukowski:
You indicate that your county has hired a number of employes with the job title of "court reporter" at a salary of $11.94 per hour who are assigned to do transcription and related work for your county's court commissioners. You ask two basic questions concerning the establishment of compensation and work rules for such county employes. Your questions may be restated as follows:
(1) Must a county permit its own employes who perform court reporting functions similar to those performed by court reporters employed by the state to retain all statutory fees which can be retained by state-employed court reporters even if such statutory fees are paid by the county?
In my opinion, the answer is yes. The salaries of such county employes could, however, be structured to account for the payment of those fees. *Page 8 
(2) May a county prohibit its employes who perform such court reporting functions from typing transcripts during normal county working hours if they receive fees in addition to their normal county salary for furnishing such transcripts?
In my opinion, the answer is yes, if such a prohibition does not interfere with the ability of those employes to comply with the requirements of statutory provisions or supreme court rules for the preparation of transcripts within specified time periods and does not otherwise interfere with the orderly operation of the judicial system.
Section 757.57 (5), Stats., provides:
 Except as provided in SCR 71.04 (4), every reporter, upon the request of any party to an action or proceeding, shall make a typewritten transcript, and as many copies thereof as the party requests, of the testimony and proceedings reported by him or her in the action or proceeding, or any part thereof specified by the party, the transcript and each copy thereof to be duly certified by him or her to be a correct transcript thereof. For the transcripts the reporter is entitled to receive the fees prescribed in s. 814.69 (2).
Section 814.69 provides in part:
 Fees of court reporters; transcripts. A court reporter shall collect the following fees:
 (1) For a transcript under SCR 71.04, a fee at the rate of $1.50 per 25-line page for the original and 50 cents per 25-line page for the duplicate. Except as provided in s. 967.06, the fee shall be paid by the county treasurer upon the certificate of the clerk of court.
 (2) For a transcript under s. 757.57 (5), a fee from the party requesting the transcript at the rate of $1.75 per 25-line page for the original and 60 cents per 25-line page for each copy. If the request is by the state or any political *Page 9 
subdivision thereof, the fees of the reporter shall be at the rates provided in sub. (1).
Section 967.06 provides in part:
 Determination of indigency; appointment of counsel; preparation of record. . . . In any case in which the state public defender provides representation to an indigent person, the public defender may request that the applicable court reporter or clerk of courts prepare and transmit any transcript or court record. The request shall be complied with. The county treasurer shall compensate the court reporter or clerk of courts for the preparation and transmittal of the documents, upon the written statement of the state public defender that the documents were required in order to provide representation to the indigent person.
Section 970.05 provides:
 Testimony at preliminary examination. The testimony at the preliminary examination shall be transcribed if requested by the district attorney or the defendant or ordered by the judge to whom the trial is assigned. The reporter shall file such transcript with the clerk within 10 days after it is requested. When a transcript is requested, the county shall pay the cost of the original and any additional copies shall be paid for at the statutory rate by the party requesting such copies.
Section 753.175 provides:
 Fees; where paid. Any fee received by a judge of a court as a court commissioner shall be paid into the county treasury except that any amount payable under s. 814.68 (1) to a reporter shall be paid to such reporter.
Section 751.02 provides:
 Employes. The supreme court may authorize the employes it considers necessary for the execution of the functions of the supreme court and the court of appeals and the court reporting functions of the circuit courts and may *Page 10 
designate titles, prescribe duties and fix compensation. Compensation and benefits of employes should be consistent with that paid to state employes in the classified service for services involving similar work and responsibility. Each justice and court of appeals judge may appoint and prescribe the duties of a secretary and a law clerk to assist the justice or judge in the performance of his or her duties. Each circuit judge may appoint a court reporter to serve in the court or branch of court to which he or she was elected or appointed if the reporter is certified as qualified by the director of state courts. A person appointed by the supreme court or a justice or court of appeals judge or a circuit judge serves at the pleasure of the court or the justice or judge.
 SCR 71.04 provides in part:
 Transcripts. (1) Reporters' notes or other verbatim record need not be transcribed unless required by this rule, any statute or court order.
 (2) The original transcript of any proceeding, whether complete or partial, shall be filed with the court. The cost of such transcript shall be borne as provided in this rule and in section 814.69 of the statutes.
. . . .
 (4) Reporters' notes or other verbatim record of proceedings under chapters 48 and 767 of the statutes shall be transcribed only upon order of the court.
 (5)(a) When a defendant is sentenced to a state prison, the original transcript of any portion of the proceedings relating to the prisoner's sentencing shall be filed with the court and a certified duplicate shall be filed at the institution within 120 days from the date that the sentence is imposed.
 (b) The original transcript of all other testimony and proceedings upon order of the court shall be filed with the court and a certified duplicate shall be delivered to the *Page 11 
prisoner within 120 days of the prisoner's request made to the clerk of court.
 (c) The original transcript of all other testimony and proceedings upon order of the court shall be filed with the court and a certified duplicate shall be delivered to the institution within 120 days of its request made to the clerk of court.
. . . .
 (6) Except as provided in sub. (4), every reporter, upon the request of any party to an action or proceeding, shall make a typewritten transcript, and as many duplicates thereof as the party requests, of the testimony and proceedings reported by him or her in the action or proceeding, or any part thereof specified by the party, the transcript and duplicate thereof to be duly certified by him or her to be a correct transcript thereof.
. . . .
 (9) A reporter may make a special charge, pursuant to arrangement with the party requesting same, for furnishing typewritten transcripts of testimony and proceedings from day to day during the progress of any trial or proceeding.
. . . .
 (11) For all transcripts furnished under this rule, the court reporter shall be entitled to receive fees as prescribed in section 814.69 of the statutes.
Section 751.02 authorizes each circuit judge to select a court reporter who serves at the pleasure of that circuit judge. That statute also authorizes the supreme court to establish the number of employes it considers necessary to perform the court reporting functions of the circuit courts, to prescribe their duties and to fix their compensation. My understanding is that the county employes to whom you refer have not been mandated by the supreme court and that the supreme court has not prescribed their salaries or duties. *Page 12 
Among other things, in SCR 71.04, the supreme court exercised the authority granted in section 751.02 to establish fees for transcript preparation by court reporters appointed by circuit judges and for transcript preparation by other employes the court deems necessary to perform those services. The supreme court has, however, established the same fees that are prescribed by the Legislature for transcript preparation by court reporters. Those fees are found in section 814.69 and ordinarily are paid by parties to the proceeding. But, under section 967.06 the county must pay the cost of transcription in specified cases where an indigent person is being represented by the state public defender. Similarly, under section 970.05 the county must pay the cost of the original transcript of the preliminary examination in a criminal case.
All of these statutes either incorporate or ultimately rely upon section 814.69 insofar as the requirement for payment of fees is concerned. Resolution of your first question therefore initially depends upon whether the employes hired by your county are "court reporter[s]" within the meaning of that statute. If so, the prescribed fees, at least in the first instance, must be paid to them. If not, then they cannot collect such fees at all.
Non-technical terms in a statute should be construed according to their ordinary and accepted meaning. Sec. 990.01, Stats. The meaning of such terms can be ascertained by resort to a recognized dictionary. State v. McCoy, 143 Wis.2d 274, 287,421 N.W.2d 107 (1988). A later version of the dictionary used inMcCoy, Webster's Third New International Dictionary 523 (1986), defines the term "court reporter" as a "stenographer who records and transcribes a verbatim report of all proceedings in a law court." Your employes fit within this non-technical definition.
I have considered the possibility that the term "court reporter" should be accorded a more technical meaning so that it would be limited to state employes designated or appointed under section 751.02. If the statute were construed in that fashion, then your *Page 13 
employes could not collect the fees listed in section814.69 at all. They also presumably would not be subject toSCR 71.04 (5) and also might not be subject to statutory provisions such as section 809.16 which contain time limits for the preparation of transcripts after trial or when an appeal is filed.
A statute should be construed so as to avoid unreasonable and absurd results. Estate of Evans, 28 Wis.2d 97, 101,135 N.W.2d 832 (1965). The judicial system would not function smoothly if your employes were not subject to such requirements. Since there is no evidence to the contrary, I therefore conclude that the term "court reporter" has the same meaning in section 814.69 and in SCR 71.04 and applies to all stenographic reporters who transcribe the record which is made in a judicial proceeding.
Since your employes are "court reporters" who may collect statutory fees, your first question also requires me to determine whether the county may require a salaried court reporter to remit all statutory fees for the preparation of transcripts to the county. I am aware that both elected and appointed county officials ordinarily may not retain statutory fees as part of their own compensation unless specifically authorized to do so by the county board. See sec. 59.15 (1)(a) and (b), Stats.; 60 Op. Att'y Gen. 39 (1971); 44 Op. Att'y Gen. 1 (1955). But prior attorney general opinions have construed statutory language indistinguishable from that now found in section 814.69 as meaning that fees paid by parties for the transcription of the record are personal compensation to the court reporter, even if the reporter is a county employe. 51 Op. Att'y Gen. 77, 81-82 (1962); 31 Op. Att'y Gen. 219, 221 (1942); 23 Op. Att'y Gen. 111, 113 (1934). Also see 43 Op. Att'y Gen. 20, 22 (1954); 1912 Op. Att'y Gen. 889, 890 (1911). Were I to conclude otherwise, I would also be forced to conclude that circuit court reporters can be required to remit the fees received pursuant to section 814.69
and SCR 71.04 to the state even though circuit court reporters have always been permitted to retain such fees. In light of this long-standing practice and prior attorney general opinions, I *Page 14 
therefore conclude that a county may not require a court reporter to remit fees collected under SCR 71.04, section 814.69 and other statutes to the county.
Unlike the state, however, a county is not obligated by statute to place its court reporters in a specific pay range resulting in a statutorily-required salary. See OAG 19-79 (February 22, 1979) (unpublished). There are various federal and state statutes assuring fair labor standards which may affect how a court reporter can be compensated. Although the issue is not entirely free from doubt, assuming that there is compliance with such statutes, I see no reason why a county could not establish a salary structure which takes into account fees paid to court reporters, so long as court reporters are permitted to retain those fees. In such circumstances, the fact that county income or salary is "measured by" or with reference to personal income is not equivalent to a requirement that personal income be paid to the county. Cf. Mobil Oil Corp. v. Ley, 142 Wis.2d 108, 116,416 N.W.2d 680 (Ct.App. 1987). A county therefore does have some opportunity to make adjustments for fees paid to its salaried court reporters, although that opportunity may be more limited than anticipated by your inquiry.
You also ask whether the county pays transcription fees required of it under a statute by providing a salary to the court reporter. Under section 814.69 and SCR 71.04, mandatory fees are computed on a per-page basis. In addition, section 967.06
provides that "[t]he county treasurer shall compensate the court reporter." Section 970.05 should be interpreted in the same fashion. Further, section 753.175 suggests that the Legislature was fully aware that court reporters for court commissioners would be entitled to collect fees for transcription in certain circumstances. Despite the fact that the county pays the salary of the court reporter, under the logic of the previously-cited attorney general opinions, lees for transcription under these or other statutes must be considered personal income of the court reporter in the absence of a clear legislative statement to the contrary. I *Page 15 
therefore conclude that the county does not pay such fees by paying the salary of the court reporter. The county could, however, structure the salary of its court reporters to account for the payment of those fees in the same fashion as it could account for other fees paid to its reporters.
Your final question is whether the county can prohibit its salaried court reporters from typing transcripts during normal county working hours if they receive personal compensation for such transcripts. Under section 59.15 (2)(c), the board "may establish regulations of employment for any person paid from the county treasury." The limitation you describe is such a regulation and does not appear to be directly prohibited by any other statute.
I am aware that prior attorney general opinions suggest that a county cannot impose such limitations. See 31 Op. Att'y Gen. at 222; 6 Op. Att'y Gen. 248, 249-50 (1917); 3 Op. Att'y Gen. 668, 670 (1914); 1910 Op. Att'y Gen. 597, 598 (1909). But such opinions are based on statutory language granting county judges the authority to prescribe the duties of court reporters. See,e.g., 31 Op. Att'y Gen. at 222. No such statutory language appears to be applicable to the situation you describe.
Courts do, however, possess certain inherent powers to assure their own efficient operation and such powers do extend to court reporters. See State v. Johnston, 133 Wis.2d 261, 266,394 N.W.2d 915 (Ct.App. 1986); 31 Op. Att'y Gen. 222, 224 (1942). The exercise of those powers undoubtedly accounts for the fact that SCR 71.04 is broader in scope than expressly permitted by section 751.02. The preparation of transcripts within the time required by a statute or rule is certainly part of the orderly administration of justice. There may also be other situations where such a requirement could interfere with the orderly and efficient operation of the judicial system, although none are readily apparent from your inquiry. I therefore conclude that a regulation prohibiting the preparation of transcripts during normal county working hours if personal compensation is received for such transcripts would be facially valid but would *Page 16 
have to yield in specific fact situations if a determination were made during the course of a court proceeding that such a restriction would unduly interfere with the orderly and efficient operation of the judicial system.
The Legislature never has directly addressed the problems created by the fact that court reporters receive both personal and public compensation for the services they perform. Until it does so, it is my conclusion that a county must permit its own employes who perform court reporting functions indistinguishable from those performed by court reporters employed by the state to retain all statutory fees which can be retained by state-employed court reporters, including those fees which are the statutory obligation of the county. The salaries of such employes could be structured to account for the payment of those fees. A county may prohibit its employes who perform court reporting functions from typing transcripts during normal county working hours if they receive fees in addition to their normal county salary for furnishing such transcripts, but such a prohibition may not interfere with the ability of those employes to comply with the requirements of statutory provisions or supreme court rules for the preparation of transcripts within specified time periods or with the orderly operation of the judicial system.
Sincerely,
 James E. Doyle Attorney General *Page 17