In re NEWMAN COMPANIES,
INC. Debtor.

Benjamin W. LAIRD, Trustee in Bank-
ruptcy of Newman Companies,
Inc., Plaintiff,

v.

Barbara A. BARTZ, Trustee for Bartz
Children, and Thomas C. Bartz,
Defendants.

Bankruptcy No. 84–04399.
Adv. No. 86–0165.

United States Bankruptcy Court,
E.D. Wisconsin.

May 20, 1992.

Joseph M. Nicks, Green Bay, Wis., for Trustee.

Jeffrey W. Hanes, Neenah, Wis., for Thomas C. & Barbara Bartz.

### DECISION

DALE E. IHLENFELDT, Bankruptcy Judge.

The issue before the court is whether a payment to the trustee of an irrevocable trust is a voidable preference under the Bankruptcy Code, and if so, from whom the preference may be recovered. The plaintiff trustee, Benjamin W. Laird, seeks to recover the sum of $19,643.12 paid by the debtor to the defendant, Barbara A. Bartz, on or about August 8, 1984. To determine this issue, the court looks to Sections 547 and 550 of the Code.

The debtor filed a petition under chapter 11 on October 18, 1984, and the plaintiff, Benjamin W. Laird, was appointed trustee in the chapter 11 case on November 1, 1984. The plaintiff trustee has filed a motion for summary judgment, which motion is opposed by the defendants. The facts, set out in the pleadings and affidavits of the parties, are not in dispute.

The defendant, Barbara A. Bartz, is the trustee of the "Thomas C. Bartz and Barbara A. Bartz Children's Irrevocable Trust Dated November 18, 1982." The trust was funded by two $10,000 interest-free loans from Delphine M. Bartz to the trust on November 11, 1983 and December 1, 1983 and two interest-free loans from Thomas C. Bartz, one of $5,200 on November 23, 1983 and another of $43,000 on December 16, 1983. All of the loans were evidenced by demand notes. The trustee, Barbara A. Bartz, proceeded to invest the money in various ways, among them an unsecured promissory note with the debtor corporation in the original amount of $19,000.[1]

When the attorney for Thomas C. Bartz advised him on July 27, 1984 that changes in the tax laws made it advisable to have the interest-free loans repaid by September 16, 1984, Thomas demanded that the trust repay his notes, and Barbara in turn contacted the debtor between July 27 and August 7, 1984 and asked the debtor to repay its note to the trust. On or about August 8, 1984 the debtor paid her the principal and interest due on its note in the total sum of $19,643.12. It is that payment which is the subject of this action.[2]

Barbara deposited the $19,643.12 in the trust's bank account. Just over a month later, on September 16, 1984, she distributed all of the assets of the trust.[3] On that date, September 16, 1984, in full satisfaction of their demand notes, Delphine M. Bartz received $7,975 in cash and shares of stock valued at $12,025, and Thomas C. Bartz received $44,150 in cash and shares of stock valued at $4,050.

The Code bifurcates the treatment of avoidance and recovery issues concerning transfers. Once a transfer is found to be voidable under section 547(b), section 550 governs from whom the trustee may recover. *In re V.N. Deprizio Construction Co.*, 86 B.R. 545 (Bankr.N.D.Ill.1988), aff'd in part and rev'd in part in *Levit v. Ingersoll Rand Financial Corp.*, 874 F.2d 1186 (7th Cir.1989).

■ To establish a voidable preference under section 547(b), the plaintiff has the burden of proving by a preponderance of

---

1. This type of trust was commonly referred to as a "Crown" trust after the decision in *Crown v. Commissioner*, 585 F.2d 234 (7th Cir.1978) which held that intra-family non-interest loans do not result in taxable gifts. Crown trusts were an effective device for grantors to shift investment income to beneficiaries in lower tax brackets, and where the loans were payable on demand, the maker of the loans could accomplish this without the inconvenience of losing access to the principal should the need arise.

2. The complaint names "Ms. Barbara G. (sic) Bartz, Trustee for Bartz Children" and "Mr. and Mrs. Thomas Bartz" as defendants. Thomas C. Bartz and Barbara A. Bartz are husband and wife. They are two of some 148 persons named as defendants in this action. A letter in the court file indicates that Delphine M. Bartz is the mother of Thomas C. Bartz. Delphine M. Bartz is not a party to this action.

3. A small remainder of less than $200, representing income, was paid out at the end of December, 1984.

the evidence that there was a transfer of an interest of the debtor in property, to or for the benefit of a creditor, on account of an antecedent debt, made while the debtor was insolvent, within 90 days before the date of the filing of the bankruptcy petition, that enabled the creditor to receive more than the creditor would have received if the transfer had not been made and the case were a case under chapter 7. *Matter of Prescott*, 805 F.2d 719, 726 (7th Cir. 1986). The facts show, and the defendants do not dispute, that the $19,643.12 payment meets these statutory requirements of a voidable preference. The defendants, however, assert defenses based upon § 550 of the Code.

Section 550 provides in relevant part:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

(b) The trustee may not recover under section (a)(2) of this section from—

(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt in good faith, and without knowledge of the voidability of the transfer avoided; or

(2) any immediate or mediate good faith transferee of such transferee.

(c) The trustee is entitled to only a single satisfaction under subsection (a) of this section.

In their opposition to the trustee's motion for summary judgment, the defendants offer the following facts. The trust was set up as an entity separate from the ultimate recipient of the funds, Thomas C. Bartz. By the terms of the trust document, the sole power to deal with trust assets resided in Barbara A. Bartz, in her fiduciary capacity as trustee. The trust was by its terms irrevocable for a period of five years or until exhaustion of its assets, and Thomas C. Bartz had no rights of management or control over trust assets, either personally or in any fiduciary capacity.

The $19,643.12 was a part of what the defendant trustee used to repay third parties for loans made to the trust upon demand notes. Those notes were called pursuant to advice of counsel arising from changes in the federal tax laws, and they were repaid on September 16, 1984, before the filing of the bankruptcy. The defendants knew nothing of the debtor's insolvency prior to the filing of the bankruptcy, or of any claim against either of them, until the plaintiff trustee filed this adversary proceeding. The trust was completely without assets and terminated long before such claim was made.

■ Thomas C. Bartz contends that section 550(b)(1) bars recovery from him in that he is a transferee of the initial transferee (Barbara), and that he took for value, in good faith, and without knowledge of the voidability of the transfer to Barbara. The fact is that Thomas did take for value, i.e., satisfaction of an antecedent debt, and that he had no knowledge of the voidability of the transfer to Barbara.

The plaintiff responds that Thomas is not entitled to the defenses of section 550(b) because he is an *initial transferee.* It is the plaintiff's position that although the trust received the income from the investments, it never had true control of the principal. It was Delphine M. Bartz and Thomas C. Bartz who had that control because they could demand payment at any time, and the ultimate reason for the payment by the debtor was to allow repayment of their loans. The trust had no involvement with the property transferred except to facilitate the transfer, and it served as a "mere conduit" between the debtor and Thomas C. Bartz.

Whether or not a person is the transferee of an "initial transferee" under section 550(a) (with the consequent availability or unavailability to such person of the sec-

tion 550(b) defenses) has been considered by a number of courts. A thorough analysis of these sections is provided in *Bonded Financial Services, Inc. v. European American Bank*, 838 F.2d 890 (7th Cir. 1988). Bonded, a currency exchange company, sent a $200,000 check to the bank, payable to the bank, with instructions that the money be deposited in the account of Bonded's principal, Michael Ryan. Ten days later, Ryan instructed the bank to debit his account by the $200,000 and apply it to one of his business loans at the bank. The court ruled that the bank's receipt of the $200,000 from Bonded did not make it an initial transferee, even though it was the payee of the check. It became a subsequent transferee covered by section 550(b)(1) when it applied the $200,000 to Ryan's business loan.

The court said that if the note accompanying Bonded's check had said: "use this check to reduce Ryan's loan" instead of "deposit this check into [Ryan]'s account," section 550(a)(1) would provide a ready answer. The bank would be the "initial transferee" and Ryan would be the "entity for whose benefit [the] transfer was made." The bank, however, had acted as a financial intermediary and received no benefit. Under the law of contracts, the bank had to follow the instructions that came with the check, and was thus no different than a courier or an intermediary on a wire transfer. "Although the Bankruptcy Code does not define 'transferee', and there is no legislative history on the point, we think the minimum requirement of status as a 'transferee' is dominion over the money or other asset, the right to put the money to one's own purposes." *Bonded*, 838 F.2d at 893.[4]

As the court observed in *Matter of Musurlian*, 97 B.R. 985, 989 (Bkcy.W.D.Wi.1989), there are a number of cases holding that where the recipient of a transfer is a "mere conduit," it is not an initial transferee within the meaning of section 550(a)(1). As in the *Bonded* case, such recipients are generally commercial entities

performing duties with respect to the transfer in the ordinary course of business.

In the case at bar, Barbara A. Bartz was not a "mere conduit." It was she who had dominion over the assets of the trust—not Delphine or Thomas. She had invested in the debtor's note, she received a check in payment of that investment, and she deposited the check in the trust's bank account and held it for another month. She could perhaps have endorsed the check over to Delphine M. Bartz or Thomas C. Bartz, or reinvested the money somewhere else for that period of time, or used the money, or some of it, to pay beneficiaries of the trust. Or, as suggested by the defendants, she could conceivably have assigned the note in kind to Delphine M. Bartz or Thomas C. Bartz, as she did the shares of stock, and not asked for payment of the note by the debtor. Interest penalties can be a factor in arriving at that kind of a decision. Thomas may have had access to the assets of the trust in his ability to request payment of his note, *Crown*, 585 F.2d at 236, but he did not have control. It was Barbara who had control. She had sole discretion to decide how to invest or not to invest the funds borrowed from Thomas and Delphine.

The plaintiff has urged that there is a "strong equitable argument in favor of recovery" by the plaintiff, and that if Thomas does not meet the technical requirements to be an initial transferee, he is at least the entity for whose benefit the transfer was made. The court in *Bonded* expressed doubt regarding the use of equitable powers under section 550(a) and held that the categories "transferee" and "entity for whose benefit such transfer was made" are mutually exclusive. The structure of section 550 distinguishes transferees (those who receive the money or other property) from entities that get a benefit because someone else received the money or property. Since the bank was a subsequent transferee, it could not be the "entity for whose benefit" the initial transfer was made. *Bonded*, 838 F.2d at 895–896.

---

**4.** The bank in which Barbara A. Bartz deposited the debtor's check would not qualify as a transferee. There has been no suggestion that it is liable.

The court finds that Thomas C. Bartz is a subsequent transferee, not an initial transferee, and so he cannot be the "entity for whose benefit" the initial transfer of $19,-643.12 was made.

■ Although the parties disputed in their briefs whether Thomas A. Bartz was liable, they failed to discuss the possible liability of Barbara C. Bartz as "the initial transferee," even though it was she whom the debtor paid, and it was undisputed that such payment was a voidable preference. Perhaps this was because of her status as trustee and the fact that the assets of the trust had already been distributed and the trust terminated before this adversary proceeding was filed.

■ It is the general rule that a trustee personally, and not the estate, is bound by and liable on obligations incurred. Unless something in the contract or transaction with third persons indicates the trustee did not intend to be held personally liable, the trustee is liable to the same extent as if the trust property were held free from the obligations of the trust, and this is so even though the trustee was administering the trust properly and the trustee's acts were for the benefit of the trust estate and not for the trustee's own benefit. Absent authorization by statute or the trust instrument, the trustee has no power to contract as an agent. 76 Am.Jur.2d *Trusts* § 452 (1992); Restatement (Second) of Trusts §§ 261, 262 (1959). The trustee is liable even though not personally at fault and the trust estate is not large enough to indemnify the trustee. Ill A *Scott on Trusts*, § 262 (1988).

The foregoing expresses the law as it presently exists in Wisconsin. *First Wisconsin Trust Co. v. Dept. of Taxation*, 237 Wis. 135, 139, 294 N.W. 868 (1941); *In re Estate of Steck*, 275 Wis. 290, 298, 81 N.W.2d 729 (1957). Wis.Stat. § 701.05(1) states that "[u]nless the creating instrument expressly limits the trustee to a lesser title or to a power, the trustee takes all title of the settlor or other transferor and holds such title subject to his fiduciary duties as trustee."

The Bartz trust agreement empowers the trustee in her "sole discretion" with direction or control over the assets, distribution of the net income of the trust, payments of income and discretionary payments of principal, and making investments and reinvestments. Barbara was clearly not an agent for Delphine or Thomas, and the trust instrument contains no language indicating that she is not to be held personally liable.

The court finds that Barbara A. Bartz is the "initial transferee" of the preferential $19,643.12 payment, and that she is personally responsible for its return.

This decision constitutes the court's findings of fact and conclusions of law as provided in Bankruptcy Rule 7052. An order will be entered dismissing the case as to Thomas C. Bartz and for judgment in favor of the plaintiff and against the defendant, Barbara A. Bartz, in the sum of $19,643.12.